Christopher K. Kiplok
Jason C. Benton
Gabrielle Glemann
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for Federal Deposit Insurance Corporation
in its capacity as Receiver for Doral Bank

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DORAL FINANCIAL CORPORATION,<br><br>         Debtor. | Case No. 15-10573 (SCC) |

**STATEMENT OF THE FEDERAL DEPOSIT INSURANCE
CORPORATION IN ITS CAPACITY AS RECEIVER OF DORAL BANK**

The Federal Deposit Insurance Corporation ("FDIC"), in its capacity as Receiver of Doral Bank, San Juan, Puerto Rico (the "FDIC-Receiver"), respectfully submits this statement in connection with the chapter 11 case of the above-captioned debtor (the "Debtor").

    1.  The FDIC is an independent federal agency responsible for the orderly and efficient resolution and receivership of failed depository institutions. The resolution process involves evaluating and marketing a failing depository institution, soliciting and accepting bids for the sale of the institution, and working with any acquiring institution through the closing process to transition the assets, accounts, and operations with as little disruption to customers as possible. The receivership process involves performing the closing at the failed bank, liquidating

any remaining failed bank assets, and distributing any proceeds to the creditors of the receivership.

2. Prior to February 27, 2015, Doral Bank was an FDIC-insured bank regulated by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico ("Commissioner") and the FDIC. On February 27, 2015, Doral Bank was closed by the Commissioner, and the FDIC was appointed as receiver. On the same date, the FDIC-Receiver and the FDIC in its corporate capacity entered into Purchase and Assumption Agreement with Banco Popular de Puerto Rico, Hato Rey, Puerto Rico, transferring most of Doral Bank's deposit liabilities, as well as certain other liabilities and assets, to Banco Popular.

3. Upon its appointment, the FDIC-Receiver succeeded to "all rights, titles, powers, and privileges" of Doral Bank, 12 U.S.C. § 1821(d)(2)(A)(i), and may "take over the assets of and operate the [failed] institution" with all the powers thereof, including the power to "perform all functions of the institution in the name of the institution," *id.* § 1821(d)(2)(B). The FDIC-Receiver exercises these powers in furtherance of an orderly closing and resolution of Doral Bank, which is critical to the FDIC's mission of maintaining stability and public confidence in the nation's financial system. *See* 12 U.S.C. § 1821(d).

4. The FDIC-Receiver recognizes that Doral Bank's principal affiliate and former equity holder is the Debtor in this proceeding and that cooperation with the Debtor will be required for an orderly resolution of Doral Bank. The FDIC-Receiver is committed to cooperation with the Debtor and to transparency to this Court to the extent it has any inquiry.

5. At various points in the future there may be competing interests or claims by and between the Debtor and Doral Bank, and the FDIC-Receiver will make every effort to narrow, if not resolve, such issues. In the immediate term, however, the FDIC-Receiver is acting

in its capacity as a regulatory agency to enforce its regulatory powers with respect to the orderly closing and resolution of Doral Bank. *See* 11 U.S.C. § 362(b)(4). At present this includes facilitating the transition of the banking operations, including substantially all the deposits of Doral Bank, to Banco Popular, and ensuring seamless operation of each of Doral Bank's 26 former branches and continued protection for all depositors throughout this transition.

6.  Counsel for the FDIC-Receiver will appear at the first-day hearings to the extent the Court has any questions about the progress of the resolution of Doral Bank or its interaction with this proceeding.

| | |
|---|---|
| Dated: March 12, 2015 | Respectfully submitted, |
| Of Counsel: | /s/  Gabrielle Glemann  <br>Christopher K. Kiplok |
| B. Amon James, Senior Counsel | Jason C. Benton |
| Nicholas Katsonis, Counsel | Gabrielle Glemann |
| FEDERAL DEPOSIT INSURANCE CORPORATION | HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza |
| 3501 Fairfax Drive, Room VS-D-7060 | New York, New York 10004-1482 |
| Arlington, Virginia 22226 | Telephone: (212) 837-6000 |
| Telephone: (703) 562-2089 | Facsimile: (212) 422-4726 |
| Facsimile: (703) 562-2475 | Email: chris.kiplok@hugheshubbard.com |
| Email: bajames@FDIC.gov | Email: jason.benton@hugheshubbard.com |
| Email: nkatsonis@FDIC.gov | Email: gabrielle.glemann@hugheshubbard.com |
| | Scott H. Christensen<br>HUGHES HUBBARD & REED LLP<br>1775 I Street, N.W., Suite 600<br>Washington, D.C. 20006-2401<br>Telephone: (202) 721-4600<br>Facsimile: (202) 721-4646<br>Email: scott.christensen@hugheshubbard.com |
| | *Attorneys for Federal Deposit Insurance Corporation in its capacity as Receiver for Doral Bank* |