**Hearing Date and Time: April 16, 2015 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: April 3, 2015 at 4:00 p.m. (Eastern Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Doral Financial Corporation,[1] | : | Case No. 15-10573 (SCC) |
| | : | |
| Debtor. | : | |

-------------------------------------------------------x

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER APPROVING
THE SERVICES AGREEMENT BY AND BETWEEN DORAL FINANCIAL
CORPORATION, CAROL FLATON AND ZOLFO COOPER MANAGEMENT, LLC
*NUNC PRO TUNC* TO THE PETITION DATE**

Doral Financial Corporation ("DFC" or the "Debtor"), pursuant to 11 U.S.C. §§ 105(a) and 363(b), submits this Application (the "Application") for entry of an order, substantially in the form annexed hereto as **Exhibit 1**, approving the services agreement dated March 6, 2015 (the "Agreement"), by and between the Debtor, Carol Flaton ("Flaton") and Zolfo Cooper Management, LLC ("Zolfo Cooper"), a copy of which is attached hereto as **Exhibit 2**. By this Application, the Debtor seeks entry of an order approving the Agreement among the Debtor, Zolfo Cooper and Flaton.

**Preliminary Statement**

Pursuant to the Agreement, the Debtor will employ Flaton, a Managing Director of Zolfo Cooper, as its Chief Restructuring Officer ("CRO") and additional individuals provided by Zolfo Cooper (the "Associate Directors"), who will perform other services required of Zolfo Cooper and Flaton during this chapter 11 case. In support of the Application, the Debtor relies upon and incorporates by reference the Declaration of Carol Flaton in support of the Agreement (the

---

[1] The last four digits of the taxpayer identification number of the Debtor are 2162.

"Flaton Retention Declaration"), which is annexed hereto as **Exhibit 3**.  In further support of the

Application, the Debtor respectfully states as follows:

## Jurisdiction

1.      This  Court  has  jurisdiction  over  this  matter  pursuant  to  28  U.S.C.  §§  157  and

1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C.

§§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 105 and 363(b)

of title 11 of the United States Code (the "Bankruptcy Code").

## Background

3.      On March 11, 2015 (the "Petition Date"), the Debtor filed a voluntary petition

with this Court for relief under chapter 11 of the Bankruptcy Code.  Sections 1107(a) and 1108

of the Bankruptcy Code authorize the Debtor to continue to operate its businesses and manage its

properties as a debtor in possession.  No request for the appointment of a trustee or examiner has

been made in this chapter 11 case.  An Official Committee of Unsecured Creditors (the "UCC")

was appointed on March 23, 2015.

4.      A summary of the Debtor's business, the Debtor's capital structure, and the events

leading to this chapter 11 case, as well as the facts and circumstances supporting this Motion, are

set forth in the *Declaration of Carol Flaton in Support of First Day Motions* [Docket No. 8] (the

"Flaton Declaration") .

## Relief  Requested

5.      By this Application, the Debtor seeks entry of an order substantially in the form

attached  hereto  as  **Exhibit 1**  pursuant to sections 105(a) and 363 of the Bankruptcy Code,

approving the Agreement among the Debtor, Zolfo Cooper and Flaton.

6.      The Debtor approved the appointment of Flaton as CRO to the Debtor effective

March 6, 2015, and Flaton has functioned in such capacity since that time.

### Zolfo Cooper's Qualifications

7.      Zolfo Cooper is well qualified to provide interim management services to the

Debtor.  Zolfo Cooper has significant qualifications and experience in these matters.  Zolfo

Cooper has a reputation for quality and breadth of experience, and a proven track record for

success, earned by serving clients in numerous nationally prominent bankruptcy proceedings,

specializing in assisting and advising debtors, creditors, investors and court-appointed officials in

bankruptcy proceedings and out-of-court workouts.  Zolfo Cooper has played key roles in

numerous public record engagements, including Dewey & LeBoeuf, LLP, The Dolan Company,

American Home Mortgage, LandAmerica Financial Group, Inc., Collins & Aikman, Enron,

TOUSA, Barnes Bay Development, Flying J Inc., Pacific Energy, Penn Traffic and Hawaiian

Telcom.  Zolfo Cooper's qualifications, including descriptions of staffing and approach in

providing services are more fully set forth in the Flaton Declaration attached hereto as **Exhibit 3**

and in the appended Statement of Qualifications attached thereto as **Exhibit A**.

8.      The Debtor is familiar with the professional standing and reputation of Zolfo

Cooper and Flaton.  Zolfo Cooper and Flaton are well suited to provide the management and

chapter 11 services required by the Debtor.  The Debtor is seeking to continue to employ Flaton

as CRO.  Under the terms of the Agreement, Flaton will have responsibility for all aspects of the

contemplated services, subject to appropriate governance by the board of directors of the Debtor

(the "Board"), as more fully described in the Agreement.

9.      Flaton is a managing director of Zolfo Cooper with more than 25 years of

experience in restructuring, banking and finance across an array of industries, as more fully set forth in the Flaton Retention Declaration.

## Services to be Provided

10.     Subject to further order of the Court, Flaton will serve as the CRO of the Debtor and Zolfo Cooper will assign Associate Directors to perform other services as needed pursuant to the Agreement.  Flaton will lead the efforts to liquidate certain of the Debtor's assets and shall be authorized to make decisions related to such efforts, as Flaton and Zolfo Cooper deem necessary or appropriate in their discretion in a manner consistent with the business judgment rule and the provisions of local law and the United States Bankruptcy Code applicable to the obligations of persons acting on behalf of corporations, subject only to appropriate governance by the Board.

11.     The services listed above are vital to the success of this Chapter 11 case, and the Debtor requires knowledgeable management to render such services.  Accordingly, the Debtor believes that Zolfo Cooper and Flaton are well qualified to perform these services in this case.

## Terms of Compensation

12.     As set forth in the Agreement, Zolfo Cooper's, Flaton's and the Associate Directors' compensation shall consist of the following:

   a.  Standard Hourly Rates – Fees for the services will be based on the hours charged at Zolfo Cooper's standard hourly rates that are in effect when the services are rendered; which rates generally are revised semi-annually.  The billing rates for professionals who may be assigned to this engagement in effect as of January 1, 2015, are as follows:

|   |   |   |
|---|---|---|
| i. | Managing Directors | $775 - $925 |
| ii. | Professional Staff | $265 - $770 |
| iii. | Support Personnel | $ 60 - $310 |

   b.  Reimbursement of Zolfo Cooper's, Flaton's and Associate Directors' reasonable out-of-pocket expenses including, but not limited to, costs of travel, reproduction,

legal counsel (including legal counsel retained to draft and enforce this Agreement), any applicable state sales or excise tax and other direct expenses.

c. Retainer and Advance Payments – Zolfo Cooper received a pre-petition retainer of $50,000 and advance payments of $755,000.00.  Prior to the Petition Date, and after application of the advance payment, Zolfo Cooper drew down on the retainer to cover all outstanding prepetition fees and expenses.  Zolfo Cooper will apply its remaining retainer and/or advance payment balance to allowed postpetition fees and expenses prior to seeking payment from the Debtor.

13.    The Debtor shall pay to Zolfo Cooper and Flaton the compensation set forth above based upon the submission of monthly invoices by Zolfo Cooper.  Zolfo Cooper shall file with the Court, and provide notice to the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") and all official committees, reports of compensation earned and expenses incurred on a monthly basis.  Such reports shall contain summary charts which describe the time incurred and services provided, identify the compensation earned by each Executive Officer and staff employee provided and itemize the expenses incurred.  Time records shall (a) be appended to reports, (b) contain detailed time entries describing the task(s) performed, (c) be organized by project category and (d) identify the time spent completing each task in (30) thirty-minute increments and the corresponding charge (time multiplied by hourly rate) for each entry.  All compensation shall be subject to review by the Court in the event an objection is filed.  The compensation provided for in the Agreement shall constitute full payment for the services to be rendered by Zolfo Cooper and Flaton to the Debtor under the Agreement.

14.    Because Zolfo Cooper and Flaton are not being employed as professionals under section 327 of the Bankruptcy Code, they will not be submitting fee applications pursuant to sections 330 and 331 of the Bankruptcy Code. Zolfo Cooper will file with the Court, and provide notice to the U.S. Trustee and counsel for any official committee, reports of compensation earned and expenses incurred on a monthly basis, as detailed in Paragraph 13 of this Application and in

the Order.  Additionally, Zolfo Cooper shall file with the Court, with copies to the U.S. Trustee

and all official committees, a report of staffing on the engagement for the previous month.  Such

reports shall include the names and functions filled of the individuals assigned.  Such notice will

provide a time period for objections.  All compensation and staffing will be subject to review by

the Court in the event an objection is filed.

15.    The Debtor believes that Zolfo Cooper's and Flaton's fees and compensation as

set forth herein are reasonable and justified under the circumstances.

### Disinterestedness

16.    The Debtor does not believe that either Flaton or Zolfo Cooper is a "professional"

whose retention is subject to approval under section 327 of the Bankruptcy Code.  Nonetheless,

to the best of Debtor's knowledge, and except as otherwise disclosed in the Flaton Retention

Declaration, and exhibits thereto, none of the managing directors or employees of Zolfo Cooper

is related to the Debtor, its creditors, other parties in interest, the U.S. Trustee for the Southern

District of New York or anyone employed in the Office of the United States Trustee for the

Southern District of New York, or holds or represents any interest adverse to any such party;

provided, however, that Zolfo Cooper is connected with the Debtor by virtue of this engagement,

Zolfo Cooper's prior engagement of January 9, 2015, as amended on January 24, 2015, as

detailed in the Flaton Retention Declaration, and Zolfo Cooper may represent or have

represented certain of the Debtor's creditors or other parties in interest herein, or interests

adverse to such creditors or other parties in interest herein, in matters unrelated to this Chapter 11

case.  To the best of the Debtor's knowledge, and as disclosed in the Flaton Retention

Declaration, to the extent Zolfo Cooper or its parent or affiliate may represent, or have

represented, any other of the Debtor's creditors or other parties in interest or interests adverse to

such creditors or other parties in interest, such representation has been or is in matters unrelated to this Chapter 11 case.

17.    Zolfo Cooper has indicated that it will promptly update the Flaton Retention Declaration, disclosing any material developments regarding the Debtor or any other pertinent relationships that require disclosure in the above-referenced case, if and when such developments or relationships come to Zolfo Cooper's attention.

### Indemnification Provision

18.    Consistent with the protocol established by the U.S. Trustee with respect to the retention of critical management services (the "Protocol"), Zolfo Cooper agrees that those Zolfo Cooper employees serving as officers of the Debtor, including Flaton, as CRO, will be entitled to receive whatever indemnities are made available during the term of the Agreement to other non-Zolfo Cooper affiliated members of the Debtor, whether under the by-laws, certificates of incorporation, applicable corporate laws or contractual agreements of general applicability to officers of the Debtor (the "Zolfo Cooper Indemnification").  Additionally, and consistent with the Protocol, Zolfo Cooper agrees to waive the Zolfo Cooper Indemnification with respect to those Zolfo Cooper Indemnitees (as defined in the Agreement) who do not serve as officers of the Debtor;  provided, however, that Zolfo Cooper personnel who are not officers of the Debtor shall be indemnified as may be approved by the Board.

19.    Zolfo Cooper's and Flaton's decision to accept this engagement to provide management services to the Debtor is contingent upon their ability to be retained in accordance with terms and conditions of the Agreement.  Zolfo Cooper and Flaton have indicated that they understand and accept that the terms of the Agreement must be approved by the Bankruptcy Court.  Zolfo Cooper and Flaton, however, would prefer to resolve at this time any objection, by

7

the Bankruptcy Court or other parties in interest, with respect to the terms of the Agreement. Accordingly, Zolfo Cooper and Flaton have chosen to be very explicit, in the Flaton Retention Declaration and the Agreement, regarding the terms and conditions of their employment, Zolfo Cooper's staffing and approach, and Zolfo Cooper's billing practice, and they have requested that the Debtor seeks this Court's approval of such matters contemporaneously with the filing of this Application.

## Basis for Relief Requested

### 1. The Court May Authorize Employment of Zolfo Cooper and Flaton Pursuant to Section 363 of the Bankruptcy Code.

20.      Section 363 of the Bankruptcy Code provides, in relevant part, that a debtor in possession "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b).  Under applicable case law in this and other circuits, courts will approve a debtor's proposed use of its assets under section 363(b) if it represents a sound business purpose on the part of the debtor.  See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."); In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) ("[T]he debtor must articulate some business justification, other than mere appeasement of major creditors.").

21.      Retaining Flaton and Zolfo Cooper under the Agreement serves the sound business purpose of ensuring that Flaton's and Zolfo Cooper's critical management services remain in place as the Debtor's transition into its Chapter 11 case, thereby maximizing the value of the Debtor's estate for the benefit of all parties in interest.  Furthermore, it is noteworthy that bankruptcy courts have authorized the retention of Zolfo Cooper pursuant to section 363(b) in

previous cases.  See e.g., In re The Dolan Co., No. 14-10614 (Bankr. D. Del.  March 23, 2014)

(Zolfo Cooper was retained to serve as the debtors' chief restructuring officer); In re Dewey &

LeBoeuf LLP, No. 12-12321 (Bankr. S.D.N.Y.  May 28, 2012) (same); In re Mark IV Indus., Inc.,

No 09-12795 (Bankr. S.D.N.Y. May 1, 2009) (same); In re Flying J Inc., No. 08-13384 (Bankr.

D. Del. Jan. 5, 2009) (same);  In re Pacific Energy Res. Ltd., No. 09-1078 (Bankr. D. Del. Mar. 9,

2009) (same);  In re Hawaiian Telcom Commc'ns, Inc., No. 08-02005 (Bankr. D. Haw. Dec. 24,

2008) (same);  In re Commerceconnect Media Holdings, Inc., No. 09-12765 (Bankr. D. Del. Aug.

9, 2009) (Zolfo Cooper was retained to serve as the debtors' chief executive officer);   In re

Friedman's Inc., No 08-10161 (Bankr. D. Del. Jan. 28, 2008) (same);  In re TOUSA, Inc., No. 08-

10928 (Bankr. S.D. Fla. Feb. 1, 2008) (same);  In re Am. Home Mortgage Holdings, Inc., No. 07-

11047 (Bankr. D. Del Sept. 5, 2007) (same).

   22.  Zolfo Cooper and Flaton negotiated the terms and conditions of the Agreement,

including the Zolfo Cooper Indemnification, at arm's length and in good faith.  The Debtor, Zolfo

Cooper and Flaton believe that the indemnification language is customary and reasonable for

similar engagements in Chapter 11 cases, and reflects the qualifications and limitations on

customary indemnification provisions in this district and other jurisdictions.  See, e.g., In re The

Dolan Co., No. 14-10614 (BLS) (Bankr. D. Del.  March 23, 2014); In re Dewey & LeBoeuf LLP,

No. 12-12321 (MG) (Bankr. S.D.N.Y.  May 28, 2012); In re Tropicana Entm't., LLC, Case No.

08-10856 (KJC) (Bankr. D. Del. May 30, 2008);  In re Sharper Image Corp., No. 08-10446 (KJC)

(Bankr. D. Del Apr. 23, 2008);  In re Leiner Health Prods., Inc., No. 08-10446 (KJC) (Bankr. D.

Del. April 8, 2008);  In re Friedman's Inc., No 08-10161 (CSS) (Bankr. D. Del. Jan. 28, 2008);  In

re Am. Home Mortgage Holdings, Inc., No. 07-11047 (CSS) (Bankr. D. Del Sept. 5, 2007);  In re

FLYi, Inc., Case No. 05-20011 (MFW) (Bankr. D. Del. Jan. 17, 2006) (order authorizing

retention of Miller Buckfire & Co., LLC).

23.     The Debtor submits that the employment of Zolfo Cooper and Flaton is a sound exercise of its business judgment and satisfies section 363 of the Bankruptcy Code as Zolfo Cooper's and Flaton's services are necessary and essential to the Debtor's chapter 11 case.  In addition to the specific knowledge they have acquired about the Debtor's business, Flaton, and the additional personnel assigned to this engagement, have extensive experience providing management services to distressed companies.

24.     Additionally, Flaton and the Associate Directors, working in conjunction with the Debtor's senior management, have already proven to be of invaluable assistance in the Debtor's efforts in developing near-term projections, assisting in short-term cash management activities, evaluating strategic alternatives, and coordinating the Debtor's efforts to liquidate assets and prepare for chapter 11.

25.     Further, the Debtor has been able to retain Zolfo Cooper and secure the services of Flaton and the Associate Directors during this chapter 11 case on economic terms that are fair, reasonable, and beneficial to the Debtor's estates.  Moreover, the compensation arrangement provided for in this Application and the Agreement is consistent with and typical of arrangements entered into by Zolfo Cooper and other restructuring consulting firms with respect to rendering similar services for clients such as the Debtor.

**2.     Retention of Zolfo Cooper and Carol Flaton is Critical to the Debtor's Chapter 11 Case.**

26.     Denying the relief requested herein would deprive the Debtor of the assistance of highly qualified management professionals and to the detriment of the Debtor's estate. Accordingly, the Debtor respectfully submits that the services provided by Flaton, and Zolfo Cooper are critical to the Debtor's chapter 11 case and requests that the Court approve the

Agreement and authorize the Debtor to retain Zolfo Cooper and Flaton *nunc pro tunc* to the Petition Date.

## **Notice**

27.     Notice of this Motion has been provided to: (a) the Office of the United States Trustee for Southern District of New York; (b) the UCC; (c) the indenture trustees for the AFICA Bonds and DFC Notes; and (d) parties that have filed notices of appearance in this chapter 11 case.  In light of the nature of the relief requested, the Debtor submits that no other or further notice is necessary.

## **CONCLUSION**

**WHEREFORE**, for the reasons set forth above and in the Flaton Retention Declaration, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit 1** granting the relief requested herein and granting such other and further relief as the Court deems appropriate

Dated: March 24, 2015

Doral Financial Corporation
Glen R. Wakeman
President and CEO

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x

In re                                  :        Chapter 11
                                       :
Doral Financial Corporation,[1]        :        Case No. 15-10573 (SCC)
                                       :
                    Debtor.            :

--------------------------------------------------------x

## ORDER APPROVING THE SERVICES AGREEMENT BETWEEN DORAL FINANCIAL CORPORATION, CAROL FLATON AND ZOLFO COOPER MANAGEMENT, LLC NUNC PRO TUNC TO THE PETITION DATE

Upon the Application (the "Application") of the Debtor for entry of an order approving

the services agreement (the "Agreement"), a copy of which is attached to the Application as

Exhibit 2, by and between the Debtor, Zolfo Cooper Management, LLC ("Zolfo Cooper") and

Carol Flaton ("Flaton") wherein the Debtor shall engage Zolfo Cooper and Flaton to provide the

Debtor with the services of Flaton as Chief Restructuring Officer ("CRO" or "Executive

Officer"), and additional individuals provided by Zolfo Cooper (the "Associate Directors"), who

will perform other services required of Zolfo Cooper and Flaton;  and the Court having found

that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the

Court having found that this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and the

Court having found that venue of this proceeding and the Application in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

the Application is in the best interests of the Debtor's estate, its creditors and other parties in

interest; and the Debtor having provided appropriate notice of the Application and the

opportunity for a hearing on this Application under the circumstances and no other or future

notice need be provided;  and the Court having reviewed the Application;  and the Court having

---

[1] The last four digits of the taxpayer identification number of the Debtor are 2162.

determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED THAT:**

1.     The Agreement is approved and the Application is GRANTED <u>nunc</u> <u>pro</u> <u>tunc</u> to the Petition Date, to the extent provided herein.

2.     Pursuant to sections 105(a) and 363 of the Bankruptcy Code, and consistent with the Protocol, the Debtor shall be, and hereby is, authorized to employ Zolfo Cooper and Flaton to provide management services to the Debtor on the terms and conditions set forth in the Agreement subject to the following terms, which apply notwithstanding anything in the Application, the Agreement, or any exhibit(s) related thereto to the contrary:

a.     Zolfo Cooper and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned case.

b.     In the event the Debtor seeks to have Zolfo Cooper personnel assume executive officer positions that are different than the Executive Officer, or to materially change the terms of the Agreement, as modified herein, by either (i) modifying the functions of the Executive Officer, (ii) adding new executive officers, or (iii) altering or expanding the scope of the Agreement as modified herein, a motion to modify the retention shall be filed.

c.     Zolfo Cooper shall file with the Court with copies to the Office of the United States Trustee for the Southern District of New York ("U.S. Trustee") and all official committees a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

d.     No principal, employee or independent contractor of Zolfo Cooper or its affiliates shall serve as a director of any of the above-captioned Debtor during the pendency of the above-

captioned case.

e.    Zolfo Cooper shall file with the Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the time incurred and services provided, identify the compensation earned by each executive officer and staff employee provided and itemize the expenses incurred.  Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, (iii) be organized by project category and (iv) the time entries shall identify the time spent completing each task in (30) thirty-minute increments and the corresponding charge (time multiplied by hourly rate) for each task.  All compensation shall be subject to review by the Court in the event an objection is filed.

f.    Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order.  No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

g.    The Debtor is permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtor's other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtor's D&O policy.

h.    Zolfo Cooper shall disclose any and all facts that may have a bearing on whether the firm, its subsidiaries and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor, its creditors, or other parties in interest.  The obligation to disclose identified in this subparagraph is a continuing obligation.

i.    Notwithstanding anything in paragraph 7 of the Agreement to the contrary, Zolfo Cooper employees who are appointed officers of the Debtor shall be subject to all duties and obligations pertaining to their status as officers under applicable law.

j.    Notwithstanding anything in paragraph 4 of the Agreement to the contrary, the Debtor is not obligated to reimburse Zolfo Cooper, Flaton or the Associate Directors' expenses for legal counsel.

3.      All compensation and reimbursement due to, and other rights of Zolfo Cooper and Flaton in accordance with the Agreement as modified by this Order, including without limitation indemnification obligations, shall be treated and allowed (subject to the compensation review procedures identified in this Order) as administrative expenses in accordance with Section 503 of the Bankruptcy Code and shall be paid in accordance with the Agreement.

4.      Zolfo Cooper shall apply any remaining amounts of its prepetition retainer and/or advance payments received to allowed fees and expenses prior to seeking payment from the Debtor.

5.      In connection with any increases in Zolfo Cooper's rates, Zolfo Cooper shall file a supplemental declaration with this Court and provide ten (10) business days' notice to the Office of the U.S. Trustee prior to any increase in rates.  The supplemental declaration shall set forth the requested rate increases, explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code and certify that the Debtor has consented to the requested rate increases.

6.      The U.S. Trustee's right to object to the reimbursement of any and all of the expenses described in the Application or the Flaton Declaration, including the right to object to any increase in hourly rates on reasonableness grounds, is expressly reserved.

7.      Zolfo Cooper shall not accept another engagement for the Debtor or its affiliates in another capacity.

8.      For a period of three years after the conclusion of Zolfo Cooper's engagement, neither Zolfo Cooper nor any affiliate of Zolfo Cooper shall make any investments in the Debtor or the reorganized Debtor.

9.      All time periods set forth in this Order shall be calculated in accordance with Rule

9006(a) of the Federal Rules of Bankruptcy Procedure.

10.     The Debtor is authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Application.

11.     Notwithstanding the possible applicability of Rules 6004(h), 7062, 9014 of the

Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall

be immediately effective and enforceable upon its entry.

12.     To the extent there is inconsistency between the terms of the Agreement, the

Application and this Order, the terms of this Order shall govern.

13.     The Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation of this Order.


Dated:   New York, New York
             _____, 2015


                          _____
                          HONORABLE SHELLEY C. CHAPMAN_____
                          UNITED STATES BANKRUPTCY JUDGE

## SERVICES AGREEMENT

This SERVICES AGREEMENT (the "Agreement") dated as of March 6, 2015, is made by and between Doral Financial Corporation (the "Debtors"), Carol Flaton ("Flaton") and Zolfo Cooper Management, LLC ("ZC") a New Jersey limited liability corporation.

## Recitals:

WHEREAS, the parties hereto desire to enter into this Agreement to set forth the basis on which ZC will perform management services for the Debtors, all as set forth more fully in this Agreement.

NOW, THEREFORE, in consideration of the premises and covenants set forth herein, and intending to be legally bound hereby, the parties to this Agreement hereby agree as follows:

1.    **Engagement.**    The Debtors hereby engage ZC and Flaton as an independent contractors to the Debtors, and ZC hereby accepts such engagement, on the terms and conditions set forth in this Agreement.  The Debtors are hereby acquiring from ZC the services of Flaton and additional individuals (the "Associate Directors") as set forth below.  All compensation for the services and actions of ZC, Flaton and Associate Directors under this Agreement will be paid to ZC.

2.    **Duties.**

(a)    The Debtors represent to ZC and Flaton that its Board of Directors (the "Board") has duly adopted the resolution (the "Resolution") appended hereto and incorporated herein by reference approving the terms of this Agreement and electing Flaton as the Chief Restructuring Officer of the Debtors.  Subject to satisfaction of the condition precedent set forth in Section 3 hereof, ZC will assign Flaton to serve as Chief Restructuring Officer and Associate Directors to perform other services required of ZC hereunder.

(b)    Pursuant to and except as limited by the terms of such Resolution,  ZC and Flaton shall be responsible for finance, controls, cash and creditor interface and such other areas as she may identify, in such manner as she deems necessary or appropriate in her sole discretion in a manner consistent with the a) business judgment rule b) direction of the Board, provided that Flaton reasonably determines she will not incure material personal liability for following such directions,  and c) the provisions of local law and the United States Bankruptcy Code applicable to the obligations of persons acting on behalf of corporations, subject only to appropriate governance by the Board in accordance with the Debtors' charters, Bylaws, other governing documents (if any) (collectively the "Constitutive Documents") and applicable state law.  Neither ZC nor Flaton shall be required to participate in any matters relating to the issuance of securities by the Debtors, nor shall ZC or Flaton be required to sign any documents relating to the issuance of securities by the Debtors or otherwise be required to be signed on behalf of the Debtors or its officers pursuant to the Securities Act of 1933 or the Securities exchange Act of 1934, or the Sarbanes-Oxley Act of 2002, or any other applicable federal law or any state law regarding securities. ZC, Flaton and Associate Directors (individually, a "Representative" and collectively, the "Representatives") shall not have any authority to make decisions with respect

to hiring or terminating officers, executing transactions or otherwise committing the Debtors or its resources other than in the ordinary course of business unless set forth in the Resolution or otherwise approved by the Board and, if required, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). All decisions of Flaton shall be discussed to the extent Flaton deems reasonably appropriate with the member or members of the Debtors' management that Flaton, in the exercise of her sole discretion, determines to be appropriate prior to the implementation of such decisions and shall be implemented by the management of the Debtors (other than ZC or the Representatives), and any dispute between such management and Flaton regarding the implementation of such decisions shall be resolved definitively by the Board.

(c)    ZC and Flaton shall not be obligated to cause Flaton to be available to perform services hereunder for any specific minimum number of hours during any period, it being understood that Flaton shall be obligated to furnish such hours of service as she deems necessary in her sole discretion to perform her duties on behalf of ZC and Flaton hereunder. ZC and Flaton shall cause Associate Directors to devote a portion of their business time to the performance of services for the Debtors hereunder on behalf of ZC and Flaton, as deemed necessary by ZC and Flaton.

(d)    In undertaking to provide the services set forth herein, ZC and Flaton do not guarantee or otherwise provide any assurances that it will succeed in restoring the Debtors' operational and financial health and stability and, except for the amount referenced in Section 4(b) hereof, the Debtors' obligation to provide the compensation specified under Section 4 hereof shall not be conditioned upon any particular results being obtained by ZC and Flaton.

(e)    In view of the Debtors' precarious present circumstances, the Debtors acknowledges that Flaton may be required to make decisions with respect to extraordinary measures quickly and that the depth of her analyses of the information on which her decisions will be based may be limited in some respects due to the availability of information, time constraints and other factors. Moreover, each Representative shall be entitled, in performing her duties hereunder on behalf of ZC and Flaton, to rely on information disclosed or supplied to them without verification or warranty of accuracy or validity.

(f)    ZC and Flaton will endeavor to keep the Board fully apprised of her findings, plans and activities.

3.    **Term.** The term of ZC's and Flaton's engagement hereunder shall commence on the date hereof and shall continue on a month to month basis until terminated by either party at the end of any such month upon written notice to the other party given at least ten days prior to the end of such month. Notwithstanding the foregoing, ZC's and Flaton's responsibilities to provide interim management services pursuant to Section 2 hereof shall not commence until i) this Agreement has been approved by the Bankruptcy Court ii) this Agreement has been fully executed, iii) the Debtors have furnished insurance policies, as detailed in Section 7 (c) below, to ZC and Flaton and ZC and Flaton have determined that such policies are acceptable to ZC and Flaton or if such policies do not exist, cannot be located or determined, or are not acceptable to ZC and Flaton, the Debtors have agreed to purchase (supplemental) directors, officers and corporate liability insurance, fiduciary liability insurance and employment practices insurance coverages acceptable to ZC and Flaton, and iv) the Debtors have paid all payroll taxes, sales and use taxes or other trust fund taxes of the Debtors (collectively "Payroll and Taxes") of the Debtors and its affiliates due as of the commencement of this Agreement and has arranged a

mechanism to insure the continued payment of Payroll and Taxes of the Debtors and its affiliates which have accrued and accrue and become due thereafter during the term of this Agreement, acceptable, in all respects, to ZC and Flaton. Subsequent to the date hereof and pending compliance with the foregoing condition precedent, ZC and Flaton will consult with the Board and the Debtors' existing senior management in an advisory capacity with respect to matters that fall within the purview of the responsibilities of the Debtors' Chief Restructuring Officer. It is expressly understood that ZC's and Flaton's responsibilities during this phase of its engagement will be limited to having Flaton advising and making recommendations to senior management and the Board and that such senior management and the Board shall retain full responsibility and decision-making authority. In addition, during this phase, a Representative will participate, at the request of the Board and to the extent deemed appropriate by such Representative, in meetings and discussions with members of the Board, employees, lenders, customers and suppliers of the Debtors or other parties. Notwithstanding the foregoing, ZC and Flaton may terminate this Agreement, immediately and without notice, if either of conditions i), ii), iii) or iv) above shall have been recinded, modified or are no longer in effect. Notwithstanding the foregoing, this Agreement will terminate (unless extended at ZC's sole option) upon the termination of the Debtor's directors and officers insurance policy and the commencement of the run-off period which is currently anticipated to occur on October 31, 2015.

    4.    **Compensation.** ZC's, Flaton's and Associate Directors' compensation hereunder shall consist of the following:

    (a)    <u>Standard Hourly Rates</u>. Our fees for the services set forth above will be based on the hours charged at our standard hourly rates that are in effect when the services are rendered; our rates generally are revised semi-annually. The billing rates for professionals who may be assigned to this engagement in effect as of January 1, 2015, are as follows:

| | |
|---|---|
| Managing Directors | US $775 - $925 |
| Professional Staff | US $265 - $770 |
| Support Personnel | US $ 60 - $310 |

    (b)    <u>Expenses</u>. Reimbursement of ZC's, Flaton's and Associate Directors' reasonable out-of-pocket expenses including, but not limited to, costs of travel, reproduction, legal counsel (including legal counsel retained to draft and enforce this Agreement), any applicable state sales or excise tax and other direct expenses.

The Debtors' provided a retainer of $50,000, and advance payments totaling $755,000.00 under our Engagement (as defined above). The advances will be reduced by any current outstanding pre-petition fees and expenses. ZC will apply its retainer and any remaining pre-petition advance payments to allowed fees and expenses prior to seeking payment from the Debtors' cash flows.

The Debtors shall pay to ZC the compensation set forth in Sections 4(a) and 4(b) hereof based upon the submission of monthly invoices by ZC and Flaton setting forth the number of hours each day expended by Representatives on behalf of the Debtors and a detailed listing of the expenses sought to be reimbursed. The compensation provided for in this Agreement shall constitute full payment for the services to be rendered by ZC and Flaton to the Debtors hereunder.

           3

The Debtors acknowledge and agree that the hours worked, the results achieved and the ultimate benefit to the Debtors of the work performed in connection with this engagement may be variable and that the Debtors and ZC and Flaton have taken this into account in setting the fees hereunder. No fee payable to any other person or entity by the Debtors or any other party shall affect any fee payable to ZC hereunder.

   5.    **Confidentiality.**

       (a)    The Debtors, including the Board, shall treat any information received from Representatives as confidential and, except as specified in this Section 5(a), will not publish, distribute or otherwise disclose in any manner any information developed by or received from Representatives without ZC's and Flaton's or such Representative's prior written approval. Such approval shall not be required if either (i) the information sought is required to be disclosed by an order binding on ZC and Flaton or a Representative and issued by a court having competent jurisdiction over ZC and Flaton and such Representative and such information is disclosed only pursuant to the terms of such order or (ii) the information is otherwise publicly available other than through disclosure by a party in breach of a confidentiality obligation with respect thereto.

       (b)    ZC, Flaton and each Representative agrees to treat any information received from the Debtors or its representatives with utmost confidentiality, and except as provided in this letter, will not publish, distribute or disclose in any manner any information developed by or received from the Debtors or its representatives without the Debtors' prior approval. Such approval shall not be unreasonably withheld. The Debtors' approval is not needed if either the information sought is required to be disclosed by an order binding on ZC and Flaton, issued by a court having competent jurisdiction over ZC and Flaton (unless such order specifies that the information to be disclosed is to be placed under seal), or such information is otherwise publicly available.

   6.    **Representations and Warranties.**

       As an inducement to ZC and Flaton to enter into this Agreement, the Debtors represent and warrant to ZC and Flaton as follows:

       (a)    The Debtors are a corporation duly organized and validly existing under the laws of the jurisdiction in which it was organized and have all requisite corporate power to enter into this Agreement.

       (b)    Subject to receipt of the approval by the Bankruptcy Court of the execution by the Debtors of this Agreement, neither the execution and delivery of this Agreement nor the consummation of the transactions contemplated herein or therein nor compliance by the Debtors with any of the provisions hereof or thereof will: (i) violate any order, writ, injunction, decree, law, statute, rule or regulation applicable to it or (ii) require the consent, approval, permission or other authorization of, or qualification or filing with or notice to, any court, arbitrator or other tribunal or any governmental, administrative, regulatory or self-regulatory agency or any other third party.

       (c)    Subject to receipt of the approval by the Bankruptcy Court of the execution by the Debtors of this Agreement, this Agreement has been duly authorized, executed

and delivered by the Debtors and constitutes the legal, valid and binding agreement of the Debtors, enforceable in accordance with its terms.

(d)    No oral representation made or document furnished to ZC and Flaton by any officer, employee or other representative of the Debtors contains any untrue statement of a material fact or omits to state a fact necessary to make the statements made therein, in light of the circumstances under which they were made, not misleading. There is no fact known to the Debtors that materially and adversely affects or that may reasonably and foreseeably be expected to materially or adversely affect the business, operations, affairs, conditions, prospects or properties of the Debtors that has not been communicated to ZC and Flaton prior to the date hereof.

7.    **Indemnification.**

(a)    The Debtors shall indemnify and hold harmless Flaton, Associate Directors, ZC and its principals, and other ZC employees, representatives or agents (including counsel) (collectively, the "ZC Indemnitees") from and against any and all losses, claims, damages, liabilities, penalties, judgments, awards, costs, fees, expenses and disbursements, including without limitation, the costs, fees, expenses and disbursements, as an when incurred, of investigating, preparing or defending any action, suit, proceeding or investigation (whether or not in connection with proceedings or litigation in which any ZC Indemnitee is a party)(any such amount being hereinafter sometimes referred to as an "Indemnifiable Loss"), directly or indirectly caused by, relating to, based upon, arising out of or in connection with this engagement of ZC and Flaton by the Debtors or the performance by Representatives of any services rendered pursuant to such engagement, unless there is a final non-appealable order of a Court of competent jurisdiction, at the trial level, finding ZC Indemnitees directly liable for gross negligence or willful misconduct.

(b)    If any ZC Indemnitee is required to testify, prepare for and appear at a deposition or produce documents, at any time after the expiration or termination of this Agreement at any administrative or judicial proceeding relating to any services provided by ZC and Flaton hereunder, then ZC Indemnitees shall be entitled to be compensated by the Debtors for ZC Indemnitee's associated time charges at the regular hourly rates in effect at the time and to be reimbursed for reasonable out-of-pocket expenses, including counsel fees.

(c)    The Debtors have furnished to ZC and Flaton a true, correct and complete copy of  the Management Liability and Company Reimbursement Insurance Policy No. ELU123454-11 and Endorsement Nos. 40 and 41 to Amend Policy Period (the "Policy"), each issued by XL Specialty Insurance Company (the "Insurer") and excess policies and extension endorsements issued by Markel Bermuda Liminted, Policy No. 72772-4670-PLFF-2011 and Extension Endorsement No. 11; Landmark American Insurance Company, Policy No. LHS643797 and Extension Endorsement No. 3; Everest Indemnity Insurance Company, Policy No. FL5ED00109-11 and Extension Endorsement No. 5; Landmark American Insurance Company, Policy No. LHS643796 and Extension Endorsement No. 3; Syndicate 2003 at Lloyd's, Policy No. XSP-197226-1011 and Extension Endorsement No. 12; Hartford Fire Insurance Co., Policy No. 00 DA 0265666 and Extension Endorsement No. 9, and Ace Insurance Company, Policy No. 1426 and Extension Endorsement No. 2  (each an Excess Policy and collectively with the Policy, the "Policies") and (each an Excess Insurer and collectively with the Insurer, the "Insurers").  The Debtors represent that the Policies are in full force and effect and that no event has occurred that constitutes or, with the passage of time or notice would

constitute, an event of default thereunder or that would otherwise give the Insurer any right to cancel such Policies.  Promptly and in any event within two business days of the Debtors approving this Agreement, the Debtors shall notify the Insurer of the election of Flaton as the Chief Restructuring Officer, and of the appointment of any Associate Directors who become an officer of the Debtors.  The Debtors shall cause their insurance broker to send copies of all documentation and other communications regarding the Policy, including without limitation any renewal or cancellation thereof, to the attention of ZC and Flaton, in the manner set forth herein, and Flaton and any Associate Directors who become officers of the Debtors shall have all indemnities available to the officers of the Debtors pursuant to the Debtors' Constitutive Documents. The Debtors shall maintain directors and officers liability insurance coverage, employment practices insurance coverage and fiduciary liability insurance coverage comparable as to terms (including without limitation the provisions or any similar provision regarding extension of the discovery period thereunder) and amounts as that provided under the Policies during the term of this Agreement, with any such replacement coverage being obtained from an insurer with a rating from a nationally recognized rating agency not lower than that of the Insurer.  Upon any cancellation or nonrenewal of the Policies by the Insurer, the Debtors shall exercise their rights under the applicable clause of the Policies to extend the claim period for a one-year "discovery period" and shall exercise such rights and pay the premium required thereunder within the 30-day period specified therein. The Debtors shall use commercially reasonable efforts, in connection with the next renewal of the Policies, to negotiate to extend the discovery period set forth in the Policies from one to three years.

(d)    The Debtors covenant that they will amend their Constitutive Documents so that such Constitutive Documents provide that the Debtors shall indemnify, to the fullest extent provided by the laws of the Commonwealth of Puerto Rico, any person who was or is a defendant or is threatened to be made a defendant to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that such person is or was a director, officer or employee of the Debtors.  Such amendments shall be presented to ZC for approval, which shall not be unreasonably withheld, and shall be filed with the Commonwealth of Puerto Rico and approved by the Debtors' shareholders and directors, as required, within (2) days of the date hereof.

8.    **Limitations on Liability.**  The Debtors agree that Flaton, Associate Directors, ZC and its personnel will not be liable to the Debtors for any claims, liabilities, or expenses relating to this engagement in excess of the fees paid by them to ZC pursuant to this agreement, unless there is a final non-appealable order of a court of competent jurisdiction, at the trial level, finding ZC Indemnities directly liable for gross negligence or willful misconduct.  In no event will ZC, Flaton or their personnel be liable for consequential, special, indirect, incidental, punitive or exemplary loss, damages or expenses relating to this engagement.  These limitations on liability provisions extend to the employees, representatives, agents and counsel of ZC.

The limitation on liability and indemnification contained in this agreement shall survive the completion or termination of this agreement.

9.    **Independent Contractor.**  The parties intend that ZC and Flaton shall render services hereunder as an independent contractor, and nothing herein shall be construed to be inconsistent with this relationship or status.  Representatives shall not be entitled to any benefits paid by the Debtors to its employees.  ZC shall be solely responsible for any tax consequences applicable to Representatives by reason of this Agreement and the relationship established hereunder, and the Debtors shall not be responsible for the payment of any federal, state or local taxes or contributions imposed under any employment insurance, social security, income tax or other tax law or regulation with respect to Representatives' performance of management services hereunder.  The parties agree that, subject to the terms and provisions of this Agreement, ZC and Flaton may perform any duties hereunder and set Representatives' own work schedule without day-to-day supervision by the Debtors.

10.    **Offer of Employment.**  The Debtors agree to promptly notify ZC and Flaton if they extend (or solicit the possible interest in receiving) an offer of employment to a current employee of ZC and Flaton or former employee whose employment has terminated at any time during the term of this engagement.  The Debtors hereby agree that they will pay ZC a cash fee, upon hiring such current or former employee, equal to 150% of the aggregate first year's annualized compensation, including any guaranteed or target bonus, to be paid by the Debtors to ZC's former employee that the Debtors hire.  The obligations of the Debtors set forth in this paragraph shall remain in effect for a period of time up to one year subsequent to the date of the final invoice rendered by ZC with respect to this Agreement.

11.    **Trial.**  The Debtors agree that neither it nor any of its assignees or successors shall (a) seek a jury trial in any lawsuit, proceeding, counterclaim or any other action based upon, or arising out of or in connection with the engagement of ZC and Flaton by the Debtors or any services rendered pursuant to such engagement, or (b) seek to consolidate any such action with any other action in which a jury trial cannot be or has not been waived.  The provisions of this paragraph have been fully discussed by the Debtors, ZC and Flaton and these provisions shall be subject to no exceptions.  Neither party has agreed with or represented to the other that the provisions of this section will not be fully enforced in all instances.

12.    **Jurisdiction.**  The Debtors hereby irrevocably and unconditionally (a) submit for itself and its property in any legal action or proceeding relating to the engagement of ZC and Flaton by the Debtors or any services rendered pursuant to such engagement, to the non-exclusive general jurisdiction of the Bankruptcy Courts of United States of America for the Southern District of New York, and appellate courts from any thereof; (b) consent that any such action or proceeding may be brought in such courts and waives any objection that it may now or hereafter have to the venue of any such action or proceeding in any such court or that such action or proceeding was brought in an inconvenient court and agrees not to plead or claim the same; (c) agree that service of process in any such action or proceeding may be effected by mailing a copy thereof by registered or certified mail (or any substantially similar form of mail), postage prepaid, to the Debtors at their address set forth above or at such other address of which ZC and Flaton shall have been notified pursuant thereto; (d) agree that nothing herein shall affect the right to effect service of process in any other manner permitted by law or shall limit the right to sue in any other jurisdiction; and (e) waive, to the maximum extent not prohibited by law, any right it may have to claim or recover in any legal action or proceeding referred to in this subsection any special, exemplary or punitive or consequential damages.

13.    **Survival of Agreement.** Except as provided in this Agreement, the obligations set forth under the above captioned Confidentiality, Indemnification, Compensation, Offer of Employment, Trial, and Jurisdiction sections shall survive the expiration, termination, or supersession of this agreement.

14.    **Conflicts.** ZC and Flaton confirms that no employee of ZC has any financial interest or business connection with the Debtors, however, Zolfo Cooper, LLC[1], an affiliate of ZC, was previously retained under an engagement letter to provide consulting services dated January 9, 2015 (the "Engagement Letter"), as amended on January 24, 2015 (the "Amendment" and collectively with the Engagement Letter, the "Engagement"). Additionally, we have run an initial conflict check through ZC's relationship database, which is an Access computer database containing names of individuals and entities that are present or recent former clients of ZC (the "Database"). ZC then reviewed those results, which review was completed under the supervision of the in-house General Counsel of ZC. A summary of such relationships is set forth in Schedule1 to the Affidavit. Based upon the information presently available, we are aware of no conflicts in connection with this engagement. It is understood and agreed that ZC and Flaton may accept the representation of other persons whose general business interest may compete with Debtors' interests or be adverse to Debtors' interest, so long as there is no actual or direct conflict of interest. The Debtors understand and agree that their name will be added to ZC Database.

15.    **Amendments.** Any amendment to this Agreement shall be made in writing and signed by the parties hereto.

16.    **Enforceability.** If any provision of this Agreement shall be invalid or unenforceable, in whole or in part, then such provision shall be deemed to be modified or restricted to the extent and in the manner necessary to render the same valid and enforceable, or shall be deemed excised from this Agreement, as the case may require, and this Agreement shall be construed and enforced to the maximum extent permitted by law as if such provision had been originally incorporated herein as so modified or restricted or as if such provision had not been originally incorporated herein, as the case may be.

17.    **Construction.** This Agreement shall be construed and interpreted in accordance with the internal laws of the State of New York.

18.    **Notices.** All notices, requests, consents and other communications hereunder to any party shall be deemed to be sufficient if contained in a written instrument delivered in person or duly sent by certified mail, postage prepaid; by an overnight delivery service, charges prepaid; or by confirmed telecopy; addressed to such party at the address set forth below or such other address as may hereafter be designated in writing by the addressee to the addressor:

---

[1]  The "Zolfo Cooper" name is owned by ZC Holdings, LLC, ZC's parent company, and is used in the United States by ZC and its subsidiaries. The Zolfo Cooper name is used in the Cayman Islands, British Virgin Islands, Hong Kong and the People's Republic of China under license agreements, without any common ownership with ZC.

If to the Debtors:

Doral Financial Corporation
999 Ponce de Leon Boulevards, Suite 730
Coral Gables, FL  33134
and
1451 Franklin D. Roosevelt Avenue
San Juan, Puerto Rico
Attention:      Glen R. Wakeman
                       President and CEO

If to ZC:

Zolfo Cooper Management, LLC
101 Eisenhower Parkway, 3rd Floor
Roseland, NJ  07068
Attention:      Elizabeth S. Kardos
                       General Counsel

If to Flaton:

Zolfo Cooper Management, LLC
101 Eisenhower Parkway, 3rd Floor
Roseland, NJ  07068
Attention:      Elizabeth S. Kardos
                       General Counsel

Any party may from time to time change its address for the purpose of notices to that party by a similar notice specifying a new address, but no such change shall be deemed to have been given until it is actually received by the party sought to be charged with its contents.

19.    **Waivers.**   No claim or right arising out of a breach or default under this Agreement shall be discharged in whole or in part by a waiver of that claim or right unless the waiver is supported by consideration and is in writing and executed by the aggrieved party hereto or her or its duly authorized agent.  A waiver by any party hereto of a breach or default by the other party hereto of any provision of this Agreement shall not be deemed a waiver of future compliance therewith, and such provisions shall remain in full force and effect.

20.    **Counterparts.**  This Agreement may be executed in several counterparts, each of which shall be deemed an original, and all of which shall together constitute one and the same instrument.

21.    **Entire Agreement.** This Agreement and the other documents delivered pursuant hereto, if any, constitute the full and entire understanding and agreement among the parties hereto with regard to the subjects hereof and thereof and no party shall be liable or bound to any other in any manner by any representations, warranties, covenants and agreements except as specifically set forth herein and therein.

IN WITNESS WHEREOF, this Agreement has been executed by the parties as of the date first above written.

DORAL FINANCIAL CORPORATION

By: _____
Glen R. Wakeman
President and CEO

Zolfo Cooper Management, LLC

By: _____
Elizabeth S. Kardos
General Counsel

Carol Flaton

By: _____
Managing Director

IN WITNESS WHEREOF, this Agreement has been executed by the parties as of the date first above written.

DORAL FINANCIAL CORPORATION

By: _____
    Glen R. Wakeman
    President and CEO


Zolfo Cooper Management, LLC

By: _____
    Elizabeth S. Kardos
    General Counsel


Carol Flaton

By: _____
    Managing Director

*[Signature Page to Zolfo Cooper Services Agreement]*

Exhibit "3"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
In re:                                                  :       Chapter 11
                                                        :
DORAL FINANCIAL CORPORATION,                            :       Case No. 15-
                                                        :
                                        Debtor.         :
                                                        :
--------------------------------------------------------X

### DECLARATION OF CAROL FLATON IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER APPROVING THE SERVICES AGREEMENT BY AND BETWEEN DORAL FINANCIAL CORPORATION, CAROL FLATON AND ZOLFO COOPER MANAGEMENT, LLC NUNC PRO TUNC TO THE PETITION DATE

I, Carol Flaton, being duly sworn according to law, state the following under penalty of perjury:

1.      I am an employee and managing director of Zolfo Cooper, LLC, the direct parent of Zolfo Cooper Management, LLC, a New Jersey limited liability company (collectively, "Zolfo Cooper"). The information included in this declaration (the "Declaration") concerning Zolfo Cooper is based upon my personal knowledge.

2.      This Declaration is being submitted in connection with the proposed retention of Zolfo Cooper to provide management and liquidation services to the Debtor in accordance with the terms and conditions set forth herein, in the Application, and in the services agreement between the Debtor, Zolfo Cooper and myself (the "Agreement"), attached to the Application (as defined below) as Exhibit "2", and incorporated herein by reference. Accordingly, I submit this Declaration in connection with the Application Of The Debtor For Entry Of An Order Approving The Services Agreement Between the Debtor, Carol Flaton ("Flaton") and Zolfo Cooper *Nunc Pro Tunc* To The Petition Date (the "Application").

### Zolfo Cooper and Flaton's Qualifications

3.      Zolfo Cooper is one of the world's leading interim management, financial advisory and litigation support firms, with a team of restructuring and

48558033_2

litigation specialists in North America, advising debtors, creditors, investors and court-appointed officials in formal bankruptcy proceedings and out-of-court workouts. Zolfo Cooper has significant qualifications and experience in these matters. Zolfo Cooper has a reputation for quality, breadth of experience, and a proven track record for success, earned by serving clients in numerous nationally prominent bankruptcy proceedings. A statement setting forth Zolfo Cooper's qualifications is attached hereto as Exhibit "A".

4.      Because of Zolfo Cooper's expertise and experience at a national level in providing management, reorganization, accounting and a broad range of consulting services to debtors and other parties in interest in financially complex troubled situations, the Debtor has requested that Zolfo Cooper provide liquidation services to them.

5.      I, Carol Flaton, will serve as Chief Restructuring Officer ("CRO") to the Debtor and will be responsible for the overall design of Zolfo Cooper's services and direction of the engagement team. I have over 25 years of diversified business experience in restructuring, banking and finance across an array of industries, including mortgage finance, mono-line insurance, structured products, energy, homebuilding, rental car, retail and education. I have advised debtors, creditors and equity holders engaged in restructurings, debt exchanges, refinancings, capital raises and winddowns. Most recent assignments include the Thomas Jefferson School of Law, a confidential toll road company, Wet Seal, Capmark Financial Group, Lehman Brothers, Medquist Holdings, Lightsquared, Dynegy, and CBay Systems. I am a graduate of the University of Delaware and the International Institute of Management Development.

### Services to be Provided

6.      Zolfo Cooper has agreed to provide management services to the Debtor in accordance with the terms and conditions set forth herein, in the Application, and in the Agreement. Accordingly, I make this Declaration in support of entry of an

48558033_2                                    2

order authorizing such retention.

7.     All of Zolfo Cooper's services will be provided to the Debtor (a) at the request of the Debtor; and (b) appropriately directed by the Debtor so as to avoid duplicative efforts among the professionals retained in the case.

## Staffing and Approach

8.     A substantial portion of Zolfo Cooper's work involves Zolfo Cooper's professionals serving as management and working with senior client personnel regarding high-level strategic and tactical issues. Consistent with its relatively unique practice, Zolfo Cooper's staff consists primarily of seasoned professionals. Indeed, more than 50% of Zolfo Cooper's professionals have in excess of 20 years of relevant business experience. Both Zolfo Cooper's internal structure and work approach are designed around its unusual staff composition of senior professionals. Individual staff members are assigned project roles, to bring to bear their particular talents and experience in view of the specific requirements of the engagement. Zolfo Cooper provides high value for its fees, efficiently leveraging its experienced professionals by directing client personnel to perform routine tasks.

9.     Integral to any team approach, and essential to minimize misunderstandings and assure continuity of service in a large, multifaceted case such as this one, are conferences, meetings and work sessions among the members of the engagement team. Ongoing communications and review of work product facilitate the sharing of information and assure continued alignment with established priorities and objectives, thereby reducing the time expended and avoiding duplicative efforts. Zolfo Cooper and I communicate continually with our clients on the status and results of our work efforts and interface with other professionals to improve coordination and ensure that we do not duplicate services rendered by other professionals retained in the case.

## Billing Practices

10.     As described herein and in the Application and Agreement, Zolfo

Cooper and I intend to seek compensation for their services in accordance with their customary practices and in accordance with the guidelines of this Court. It is the customary practice of the Zolfo Cooper to bill clients for travel time consistent with the guidelines of the jurisdiction. Zolfo Cooper charges fees based on actual hours expended to perform its services at standard hourly rates established for each principal and employee, as adjusted semi-annually. Fees reflect economics resulting from the use of paraprofessional and support personnel to develop schedules and analyses, input computer data, perform research, and other activities necessary to the efficient administration of a case. Zolfo Cooper does not include support services in its overhead for the purpose of establishing billing rates. Billing rates are generally representative of prevailing market rates, as awarded by other Courts in similar circumstances, for practitioners providing such services at a national level who have comparable skill and experience.

### Prepetition Services

11.     On or about January 9, 2015, as amended January 24, 2015, the Debtor engaged Zolfo Cooper to advise and assist the Debtor in: i) identifying and evaluating the operations, support functions, personnel, governance and financing required to operate the Debtor separate from certain subsidiaries.; ii) completing a gap analysis between the stand-alone operating requirements described in i) above and the current operations of the Debtor; iii) interacting, managing and negotiating with Debtor's constituents in the context of liquidation discussions or other matters as requested; iv) evaluating and managing short-term cash-flow positions and projections; v) contingency planning for a potential chapter 11 proceeding; vi ) effectuating a separation from Doral Bank and Doral Bank's subsidiaries; vii ) developing, negotiating and implementing strategic liquidation alternatives; and (viii) providing such other services as the Debtor requested. Zolfo Cooper provided such services from the date of its engagement up to immediately prior to the Petition Date.

## Proposed Compensation

12.    Pursuant to the Agreement, compensation of Zolfo Cooper shall be

based on the following:

(a) Standard Hourly Rates – Fees for the services will be based on the hours
charged at our standard hourly rates that are in effect when the services are
rendered; our rates generally are revised semi-annually. The billing rates for
professionals who may be assigned to this engagement in effect as of January
1, 2015, are as follows:

|      |                     |              |
|------|---------------------|--------------|
| I.   | Managing Directors  | $775 - $925  |
| II.  | Professional Staff  | $265 - $770  |
| III. | Support Personnel   | $ 60 - $310  |

(b) Expenses – Reimbursement of Flaton's, Zolfo Cooper's and Associate
Directors of Restructuring's reasonable out-of-pocket expenses including, but
not limited to, costs of travel, reproduction, legal counsel (including legal
counsel retained to draft and enforce the Agreement), any applicable state
sales or excise tax and other direct expenses.

(c) Retainer and Advance Payments – Zolfo Cooper received a pre-petition
retainer of $50,000 and advance payments totaling $755,000.00. Prior to the
Petition Date and after application of the advance payment, Zolfo Cooper drew
down on the retainer to cover all outstanding pre-petition fees and expenses
incurred through the petition date. Zolfo Cooper will apply its remaining
retainer and/or advance payment balance to allowed postpetition fees and
expenses prior to seeking payment from the Debtor's cash
flows.

13.    Except as necessary to comply with an applicable administrative

order, all such expense billings are in accordance with the Zolfo Cooper's customary

practices. Zolfo Cooper personnel stay at convenient, quality hotels and eat at quality

restaurants.

14.    Zolfo Cooper professionals do not incur costs for luxury

accommodations or deluxe meals and do not bill clients for first class airfare. Except as

follows, all expenses will be billed at actual cost, exclusive of amortization of the cost of

any investment, equipment or capital outlay: (a) internal charges for facsimile

transmissions will be billed at $1.00 per page, (b) internal photocopy charges will be

billed at $0.10 per page, and (c) computer modeling charges will be billed at standard

hourly rates.

15.     Zolfo Cooper maintains contemporaneous records of the time expended and out-of-pocket expenses incurred in support of its billings for services. All such records are located in the Zolfo Cooper's offices and are available for inspection, subject to certain matters contained therein that may be privileged.

16.     The Debtor shall pay to Zolfo Cooper the compensation set forth above based upon the submission of monthly invoices by Zolfo Cooper. Zolfo Cooper shall file with the Court, and provide notice to the United States Trustee for the Southern District of New York and all official committees, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the time incurred and services provided, identify the compensation earned by each Executive Officer and staff employee provided and itemize the expenses incurred. Time records shall (a) be appended to the reports, (b) contain detailed time entries describing the task(s) performed, (c) be organized by project category and (d) identify the time spent completing each task in (30) thirty-minute increments and the corresponding charge (time multiplied by hourly rate) for each task. All compensation shall be subject to review by the Court in the event an objection is filed. The compensation provided for in the Agreement shall constitute full payment for the services to be rendered by Zolfo Cooper and I to the Debtor under the Agreement.

### Zolfo Cooper's Disinterestedness

17.     Even though the Debtor is not seeking to retain Zolfo Cooper and Flaton pursuant to section 327 of title 11 of the United States Code (the "Bankruptcy Code"), I desire to make the following assertions: to the best of my knowledge and belief, insofar as I have been able to ascertain after due inquiry, and as is disclosed herein, none of the managing directors or employees of Zolfo Cooper is related to the Debtor, its creditors, other parties in interest, the United States Trustee for the Southern District of New York or anyone employed in the Office of the United States Trustee for

the Southern District of New York, or holds or represents any interest adverse to any

such party except that Zolfo Cooper and Flaton are connected to the Debtor by virtue of

the Agreement contemplated herein, Zolfo Cooper's prior engagement dated January 9,

2015, as amended January 24, 2015.  To the extent Zolfo Cooper or its parent or affiliate

may represent, or have represented, any other of the Debtor's creditors or other parties

in interest or interests adverse to such creditors or other parties in interest, such

representation has been or is in matters unrelated to this Chapter 11 case.

      18.     In connection with the preparation of this Declaration, Zolfo

Cooper conducted a review of its professional contacts with the Debtor, its affiliates and

other interested parties identified on a list provided to Zolfo Cooper by the Debtor's

proposed counsel in this chapter 11 case (the "Interested Party List").  The Interested

Party List included the following parties:

a)     Debtor and Debtor Affiliates;
b)     Directors, Officers & Employees;
c)     Bondholders, Trustees & Related Parties;
d)     Litigation Parties;
e)     Government Regulators;
f)     Professionals ;
g)     Transaction Counterparties;
h)     Banks;
i)     Insurance Providers;
j)     Judges in the District;
k)     Employees of the Office of the UST;
l)     Lease Counterparties;
m)     Contract Counterparties; and
n)     Other Creditors.

      19.     Zolfo Cooper ran the Interested Party List through the Zolfo

Cooper relationship database, which is an Access computer database containing names

of individuals and entities that are present or recent former clients of Zolfo Cooper.

      20.     Zolfo Cooper then reviewed the results of the search, which was

completed under the supervision of in-house general counsel of Zolfo Cooper.  A

summary of such relationships is set forth in Schedule 2 attached to this Declaration.

Pursuant to the results of the conflicts search, I represent that none of the services that

were or will be provided in the course of other engagements: (a) is connected in any way to this Chapter 11 case, (b) will impact or conflict with the rights of the Debtor in this Chapter 11 case and (c) will compromise Zolfo Cooper's ability to provide services in this Chapter 11 case.

21.    It should be understood that Zolfo Cooper's present or former clients and their affiliates, officers, directors, principal shareholders and their respective affiliates may have had relationships with parties in interest in this case of which Zolfo Cooper was not informed or, subsequent to the performance of Zolfo Cooper's services, may have developed relationships with such parties of which Zolfo Cooper and I are unaware.

22.    Further, it should be understood that the "Zolfo Cooper" trademark name is owned by ZC Holdings, LLC, Zolfo Cooper's parent company, and it is used in the United States by Zolfo Cooper, LLC and its subsidiaries. The Zolfo Cooper trademark is used in the Cayman Islands, British Virgin Islands, Hong Kong and the People's Republic of China under license by Zolfo Cooper, without any common ownership with Zolfo Cooper.

23.    To the best of Zolfo Cooper's knowledge and belief, except as set forth in Schedule 2 to this Declaration, none of Zolfo Cooper's current or former clients (including their affiliates, officers, directors, principal shareholders and their respective affiliates) is connected to any of the parties on the Interested Party List.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing

is true and correct.

Dated: March **23** 2015

_____

Carol Flaton
Managing Director

# EXHIBIT A

  

# ZC Qualifications



March 2015



# WHO WE ARE



# Who We Are
## Overview of Zolfo Cooper

- Privately held, independent financial advisory and interim management firm serving leading companies, financial institutions, investment funds and law firms
- New York-based firm with global reach
  - Offices in Europe, Asia, the Caribbean
  - Worldwide team of more than 500 professionals
- Founded in 1985, one of the first to pioneer the specialized practice of turnarounds and restructuring advisory
- Nearly 30 years of experience providing leadership in more than 900 client engagements
- Longstanding credibility with financial stakeholders, earned through the restructuring of hundreds of billions of dollars of debt



1. In Australasia, Zolfo Cooper benefits from an exclusive affiliation with Ferrier Hodgson, leaders in turnaround, restructuring and insolvency in the region, with 300 people.



2

# Who We Are
## A Premier Financial Advisory and Interim Management Firm

| Turnaround/ Restructuring Advisory | Chief Restructuring Officer | Creditor Advisory | Acquisition/ Due Diligence |
|---|---|---|---|

*Confidential For-Profit Post-Secondary School*















| | | | |
|---|---|---|---|
| ▪ 13-week Cash Flow Forecasts<br>▪ Business Plan Development<br>▪ Operational Restructuring<br>▪ Performance Improvement<br>▪ Restructuring Advisory<br>▪ Cash Management | ▪ Chief Restructuring Officer<br>▪ Lead Creditor Negotiations<br>▪ Business Plan Evaluation<br>▪ Liquidity and Business Stabilization | ▪ Develop and Evaluate Recapitalization Proposals<br>▪ Amendment Advisory<br>▪ Business Plan Diligence<br>▪ Liquidity Analysis<br>▪ Enterprise Valuation<br>▪ Private Loan Sales | ▪ Business Plan Diligence<br>▪ Identification and Implementation of Value Driving Opportunities<br>▪ Deal Structuring<br>▪ Stakeholder Negotiations |

▪ Unmatched skill set and experience assisting clients unlock and increase value from both their business operations and capital structure

▪ Longstanding credibility and relationships with key financial stakeholders and relevant constituents in the restructuring community



# Who We Are
## Experience with Large, Complex Assignments

Zolfo Cooper has provided financial advisory services in numerous complex situations across a variety of industries. Below is a representative sample:




























# Who We Are
## Select Financial Services Industry Assignments

Zolfo Cooper professionals have provided advisory services in the following Financial Services Industry restructurings

   

   

   

  



# Who We Are
## Interim Management Experience

Zolfo Cooper has provided interim management services in numerous complex situations across a variety of industries. Below is a representative sample:

| Zolfo Cooper Select Interim Management Experience | | |
|---|---|---|
| Company | Role | Industry |
| American Home Mortgage | CRO | Financial Services |
| American Laser Skincare | Chairman of the Board of Directors | Healthcare |
| Barnes Bay Development Ltd. | CRO | Real Estate / Hospitality |
| Blue Bird Corporation | CRO, Executive Chairman and Vice Chairman of the Office of the Chairman | Manufacturing - Automotive |
| Collins & Aikman Corporation | CRO, Chairman of the Board of Directors and Member of the Board of Directors | Manufacturing - Automotive |
| Dewey & LeBoeuf LLP | CRO | Legal Services |
| Dolan Company, The | CRO | Professional Services |
| Enron Corporation | CEO, CFO, Treasurer & CRO | Energy |
| Entegra Power Group | CEO, President, Director of Finance, Treasurer & Member of the Board of Directors | Energy |
| Family Golf Centers, Inc. | CRO | Retail / Hospitality |
| Friedman's Jewelers | CRO | Retail |
| Flying J Inc. | CRO | Retail |
| Hawaiian Telcom | CEO and COO | Telecommunications |
| Krispy Kreme Doughnuts, Inc. | CEO, President and COO | Food / Retail |
| Laidlaw, Inc. | Vice Chairman of the Board & CRO | Transportation |
| LandAmerica Financial Group, Inc. | CRO | Financial Services |



# Who We Are
## Interim Management Experience (ctd.)

| Zolfo Cooper Select Interim Management Experience | | |
|---|---|---|
| Company | Role | Industry |
| Le*Natures, Inc. | Custodian and CRO | Food and Beverage |
| Malden Mills Industries, Inc. | CRO and CFO | Textiles |
| Mark IV Industries, Inc. | CRO | Manufacturing - Automotive |
| Maxim Crane Works | CRO | Industrial |
| Metromedia Fiber Network, Inc. | CRO, Member of the Board of Directors and Executive Committee Member | Telecommunications |
| Millcreek Broadcasting, LLC and affiliates | CRO | Telecommunications |
| MVE, Inc. | CFO | Engineering |
| NRG Energy, Inc. | President, CRO and Member of the Board of Directors | Energy |
| Pacific Energy Resources Ltd. | CRO | Energy |
| Penn Traffic Company | President, CEO, CRO and CFO | Food / Retail |
| Preferred Sands | CRO | Supplier to the Oil and Gas Industry |
| Top-Flite Golf Company | CRO and CFO | Retail |
| TOUSA | CRO | Homebuilder |



# Who We Are

## Why Zolfo Cooper – Highly Experienced Teams Delivering Results

**1** Extensive Experience Providing Leadership to Companies Undergoing Reorganization or Wind-down

- Zolfo Cooper and its professionals have led some of the largest restructuring matters involving complex capital structures and underperforming operations

- Working with existing management, we provide the restructuring expertise and guidance to optimize the multi-party negotiation

- Significant experience advising complex settlement negotiations and corporate matters (Dynegy, Rescap, MBIA)

**2** Valuable Financial Services Industry Expertise

- We have extensive financial services advisory and operational management experience

- We are uniquely qualified to quickly assess the situation as we have first-hand experience with financial holding companies in Chapter 11 proceedings

**3** Small, Highly Experienced Teams

- We work in small teams and bring all of the complementary skill sets necessary to effectively serve our clients, including expertise in operations, strategy, capital markets and restructuring

- As a boutique restructuring advisory firm, we are better able to manage the quality of our professionals; we don't have a "B-Team"

*Zolfo Cooper is uniquely positioned to lead DFC through a Chapter 11 filing and potential wind-up with the goal of optimizing DFC creditor recovery and mitigating existing and potential liabilities in an abbreviated time.*



8

 ZOLFO COOPER TEAM 

# Zolfo Cooper Team
## Biographies



t: +1 212 561 4073

f: +1 212 213 1749

c: +1 646 431 8996

e: cflaton@zolfocooper.com

## Carol Flaton

### *Managing Director*

- Carol has more than 25 years of experience in restructuring, banking and finance across an array of industries. She is currently advising the creditors of an undisclosed privately-held infrastructure asset and recently completed the financial restructuring of the Thomas Jefferson School of Law.

- Prior to joining Zolfo Cooper in 2014, Carol was a Managing Director in the restructuring practice at Lazard Freres.  At Lazard she advised debtors, creditors and equity holders engaged in restructurings, debt exchanges, refinancings and capital raises. Some of her financial advisory assignments included Lightsquared, Lehman Brothers, Dynegy, ResCap, and Capmark Financial Group, Inc. Capmark, which filed for Chapter 11 protection, was a $22bn financial institution which included an FDIC regulated entity (ILC) and a non-bank bank.

- Prior to her five years at Lazard, Carol spent 22 years working in financial institutions in a variety of restructuring, risk management and lending positions. Carol spent six years of her banking career working in Europe (Zurich and Vienna).

- Carol was a Managing Director at both Credit Suisse First Boston (1995-2006) and Citi (2006-2008), responsible for bilateral and agented distressed positions across multiple industries.  In the financial institutions arena she was responsible for transactions in the mortgage finance, mono-line insurance and structured products sectors to include: Finova, Ameriquest, American Home Mortgage, PHH Corp., Taylor, Bean & Whitaker, Option One, Quick Loan Funding, Fairfax Financial, ACA Capital Holdings, Ambac, Radian, GSC Capital and Etrade.

- During 2005-2006 Carol was asked by the Managing Board of Credit Suisse to join Project Uno, the firm's (7 person ) Global Integration and Reorganization project which designed and executed Credit Suisse's worldwide restructuring.

- Carol has a B.S.B.A from the University of Delaware and an M.B.A from IMD, the International Institute of Management Development in Lausanne, Switzerland.  She also holds NASD Series 7 (registered representative) and Series 24 (managing principal) licenses.  She is a contributing member of the Wall Street Journal's Bankruptcy blog panel: The Examiners.



SCHEDULE 2

| Party in Interest | Nature of Interest in Doral Financial Corporation Chapter 11 Case | Description of Current Relationship of Zolfo Cooper, LLC ("ZC") |
|---|---|---|
| Ace American Insurance Company, ACE Global Markets Syndicate, ACE Property & Casualty, ACE SA, ACE Bermuda Insurance Ltd., ACE Securities, ACE Tempest Reinsurance and ACE Home Equity Loan Trust ("ACE") | Insurer | ACE currently provides certain liability insurance for ZC.<br><br>ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where ACE was an insurer.<br><br>ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where ACE is an insurer and unsecured creditor.<br><br>ZC is currently retained by the DIP lenders in the James River chapter 11 case where ACE is a participant in selling shareholders exchange.<br><br>ZC is currently retained to serve as an independent member of the board of managers of NII in connection with the NII chapter 11 case where ACE is an insurer.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where ACE is an insurer.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where ACE is an insurer and letter of credit holder. |
| AlixPartners and AP Services ("AlixPartners") | creditor | ZC is currently providing management services in the TOUSA chapter 11 case where AlixPartners was an unsecured creditor.<br><br>ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where AlixPartners is a professional.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where AlixPartners is a professional. |

| American Express | creditor and contract counterparty | ZC is currently providing services to the American Home Mortgage Trust where American Express is a creditor.<br><br>ZC is currently providing services to the liquidation trust of the TOUSA chapter 11 case where American Express was a creditor.<br><br>ZC is currently providing litigation support to defendants in a situation where American Express is a party to an agreement with plaintiff.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where American Express is a contract counterparty. |
| --- | --- | --- |
| Arnold & Porter, LLP ("A&P") | creditor | ZC is currently retained by a defendant in a litigation support situation where A&P was counsel to another defendant in the matter.<br><br>ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where A&P is a professional.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where A&P is a significant vendor. |
| AT&T, AT&T Bellsouth, AT&T Communications, AT&T Florida, AT&T Mobile, AT&T Credit Corp., AT&T Midwest, AT&T Data, ATAT Global Information Solutions, AT&T Mobility National Accounts, AT&T Opus, AT&T Southeast, AT&T Southwest, AT&T U Verse, AT&T West, AT&T Wireless, AT&T Technologies, fka Ameritech (collectively, "AT&T") | creditor and contract counterparty | ZC is currently providing services to the liquidation trust of the TOUSA chapter 11 case where AT&T was a party-in-interest.<br><br>ZC is currently providing services to the liquidation trust in the Dewey & LeBoeuf case where AT&T was a top 50 creditor.<br><br>ZC is currently retained by the retiree committee in the AMR chapter 11 case where Ameritech is a party in interest.<br><br>ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where AT&T is a utility provider and major customer.<br><br>ZC is currently retained by the DIP lenders in the James River chapter 11 case where AT&T is a utility provider.<br><br>ZC is currently retained to serve as an independent member of the board of managers of NII in connection with the NII chapter 11 case where AT&T is an unsecured creditor. |

| | | |
|---|---|---|
| | | ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where AT&T is a utility provider and significant vendor.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where AT&T is a utility provider and contract counterparty. |
| Banco Popular and Banco Popular Puerto Rico ("Banco Popular") | Trustee for the AFICA Bonds | ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where Banco Popular was a potentially adverse party. |
| Barclays Bank, Barclays Global Investors and Barclays Capital (collectively "Barclays") | creditor | ZC is currently providing services to the American Home Mortgage Trust where Barclays is a warehouse lender.<br><br>ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where Barclays was a financial derivatives counterparty.<br><br>ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where Barclays is a lender/secured creditor.<br><br>ZC is currently providing litigation consulting services to defendant in a situation where Barclays is party to an agreement a related party.<br><br>ZC is currently retained by the creditors in an out-of-court situation where Barclays is a lender. (Mineral Park)<br><br>ZC is currently retained to serve as an independent member of the board of managers of NII in connection with the NII chapter 11 case where Barclays is a depository and disbursement bank and issuer of a letter of credit.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Barclays is a DIP lender, secured and unsecured bondholder, debtholder, indenture trustee, significant vendor, significant customer, party to litigation and contract counterparty.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where Barclays is a lender and bondholder. |

| Candlewood Financial Opportunities Fund LLC, Candlewood Financial Opportunities Master Fund Ltd., Candlewood Investment Group, Candlewood Special Situations Master Fund Ltd. ("Candlewood") | Holder of AFICA Bonds and/or DFC Notes | ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Candlewood is a debtholder and secured bondholder.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where Candlewood is a lender. |
|---|---|---|
| CenturyLink | contract counterparty | ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where CenturyLink was a party in interest.<br><br>ZC is current retained by the official committee of unsecured creditors in the Exide chapter 11 case where CenturyLink is a utility provider.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where CenturyLink is a utility provider and significant vendor.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where CenturyLink is a utility provider. |
| CIGNA | contract counterparty | ZC is current retained by the official committee of unsecured creditors in the Exide chapter 11 case where CIGNA was a vendor and contract counterparty.<br><br>ZC is currently retained to serve as an independent member of the board of managers of NII in connection with the NII chapter 11 case where CIGNA is an insurer/broker/3rd party administrator.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where CIGNA is a contract counterparty. |

| Citibank/Citicorp/ Citigroup/Citicapital, Citibank Canada, Citibank Switzerland, Citicorp Del Lease, Inc., Citicorp Vendor Finance, Inc., Citicapital Technology Finance, Citicorp North America, CitiFinancial, Citicorp Credit Services, Citi Investment Research, Citimortgage, Citigroup Pension Plan, Citigroup Global Markets, Citigroup Financial, Citigroup Energy and Citigroup Venture Capital (collectively "Citibank") | Trustee for the AFICA Bonds | ZC is currently providing services to the liquidation trust of the TOUSA chapter 11 case where Citigroup was creditor and a party to a joint venture or land bank agreement and a lien holder. |
|---|---|---|
| | | ZC is currently providing services to the American Home Mortgage Trust where Citibank is a creditor and potentially adverse party. |
| | | ZC is currently retained by counsel to the agent in a situation where Citibank is lender. |
| | | ZC is currently providing services to the liquidation trust in the Dewey & LeBoeuf case where Citibank was a secured creditor. |
| | | ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where Citibank was a secured creditor, banking facility, aircraft lender, financial derivative counterparty and an affiliate of a director. |
| | | ZC is currently retained by the liquidating trust the Orchard Supply chapter 11 case where Citibank is a lender. |
| | | ZC is currently retained by the DIP lenders in the James River chapter 11 case where Citibank is a debt holder. |
| | | ZC is currently retained by counsel to certain investors in a situation where Citibank is an adverse party. ZC is currently providing litigation consulting services to defendant in a situation where Citibank is a creditor. |
| | | ZC is currently providing litigation consulting services to defendants in a situation where Citibank is a defendant. |
| | | ZC is current retained by the official committee of unsecured creditors in the Exide chapter 11 case where Citibank is a holder of senior convertible floating notes and a depository bank. |
| | | ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Citibank is a debtholder, shareholder, lienholder, significant vendor, top 50 unsecured creditor, bank, indenture trustee, creditor, contract counterparty, investment bank, professional, DIP lender, secured bondholder and party to litigation. |
| | | ZC is currently in the process of being retained by the |

| | | official committee of second priority noteholders in the Caesars chapter 11 case where Citibank is a lender, agent, indenture trustee, contract counterparty and bondholder. |
|---|---|---|
| Citrix Systems, Inc. | creditor | ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Citrix Systems, Inc. is a significant vendor. |
| Computershare | creditor | ZC is currently retained by the DIP lenders in the James River chapter 11 case where Computershare is a financial institution.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Computershare is a significant vendor. |
| Crowe Horwath LLP | creditor and contract counterparty | ZC is currently retained by the Section 1114 Retirees in the AMR chapter 11 case where Crowe Horwath LLP was a related party.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Crowe Horwath LLP is a significant vendor. |
| DCI Group AZ, LLC and DCI Group, LLC ("DCI") | creditor and contract counterparty | ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where DCI is a significant vendor. |
| Deloitte & Touche, Deloitte Consulting LLP, Deloitte Abogados, SL, Deloitte Financial Advisory Services LLP, Deloitte, Haskins & Sells, Deloitte Tax LLP, Deloitte Touche Tohmatshu India, Deloitte Tax Products Company LLC ("Deloitte & Touche") | creditor and contract counterparty | ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where Deloitte & Touche was a party in interest.<br><br>ZC is currently retained to serve as an independent member of the board of managers of NII in connection with the NII chapter 11 case where Deloitte & Touche is a professional.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Deloitte & Touche is a professional, contract counterparty, significant vendor and top 50 unsecured creditor.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where Deloitte & Touche is a professional, contract counterparty and significant unsecured creditor. |

| DLA Piper, LLP | contract counterparty | ZC is currently providing services to the liquidation trust in the Dewey & LeBoeuf case where DLA Piper LLP was a departure firm.<br><br>ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where DLA Piper LLP was a related party.<br><br>ZC is currently retained by the liquidating trust in the Orchard Supply chapter 11 case where DLA Piper, LLP is counsel to the debtor.<br><br>ZC is currently providing litigation consulting services to defendants in a situation where DLA Piper LLP is counsel to another defendant.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where DLA Piper, LLP is a professional. |
| Doral Bank | affiliate | ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Doral Bank is a debtholder. |
| Federal Deposit Insurance Company ("FDIC") | government regulator | ZC is currently retained to provide litigation consulting services in a situation where the FDIC is a receiver/adverse party. |
| Everest and Everest National Insurance ("Everest") | insurer | ZC is currently retained to serve as an independent member of the board of managers of NII in connection with the NII chapter 11 case where Everest is an insurer.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where Everest is an insurer. |
| Federal Express, Fedex, Fedex Corp. Employees Pension Trust ("Fedex") | creditor | ZC is currently providing services to the liquidation trust of the TOUSA chapter 11 case where Fedex was a party-in-interest.<br><br>ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where Fedex was a trade creditor.<br><br>ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where Fedex is a shipper.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings |

| | | chapter 11 case where Fedex is a debtholder. |
|---|---|---|
| Federal Home Loan Bank of Atlanta and Federal Home Loan Mortgage Corporation "Federal Home Loan") | creditor | ZC is currently retained by counsel to certain investors in a situation where Federal Home Loan is an institutional investor.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Federal Home Loan is a contract counterparty. |
| Fidler, Gonzalez & Rodriguez ("FGR") | creditor | ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where FGR is an otherwise related party. |
| Gibson Dunn & Crutcher, LLP ("GDC") | professional | ZC is currently providing litigation consulting services to defendants in a situation where GDC is counsel to another defendant.<br><br>ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where the GDC was a related party.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where GDC is a professional and significant vendor. |
| Great West Life and Annuity, Great West Putnam High Yield Bond Fund, Great Western Insurance Co. ("Great West") | contract counterparty | ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Great West is a debtholder and landlord.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where Great West is a lender. |
| HCL America Inc. ("HCL") | lease counterparty | ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where HCL is top 20 unsecured creditor and committee member.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where HCL is a contract counterparty, significant vendor and top 50 unsecured creditor. |

| Hartford, Hartford Balanced Income Fund, Hartford Floating Rate Fund, Hartford Floating Rate High Income Fund, Hartford High Yield Fund Hartford Investment Management Co., Hartford Life Insurance Co., Hartford Strategic Income Fund, Hartford Total Return Bond Fund 1, Hartford Unconstrained Bond Fund et. al ("Hartford") | insurer | ZC is currently providing services to the liquidation trust in the Dewey & LeBoeuf case where Hartford is a secured creditor.<br><br>ZC is currently retained to serve as an independent member of the board of managers of NII in connection with the NII chapter 11 case where Hartford is an insurer.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Hartford is a secured bondholder and debtholder.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where Hartford is a lender. |
| Houlihan Lokey | professional | ZC is currently retained by a debtor in an out-of-court situation where Houlihan Lokey is a professional.<br><br>ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where Houlihan Lokey is a professional.<br><br>ZC is currently retained to serve as an independent member of the board of managers of NII in connection with the NII chapter 11 case where Houlihan Lokey is a professional for a non-debtor entity.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Houlihan Lokey is a significant vendor and professional.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where Houlihan Lokey is a professional. |

| Hunton & Williams, LLP | creditor | ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where Hunton & Williams, LLP was a related party.<br><br>ZC is currently retained to provide litigation support services to defendant in a situation where Hunton & Williams was previously counsel to defendant.<br><br>ZC is currently retained by the DIP lenders in the James River chapter 11 case where Hunton & Williams LLP is a professional.<br><br>ZC is currently retained to serve as an independent member of the board of managers of NII in connection with the NII chapter 11 case where Hunton & Williams LLP is a professional.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Hunton & Williams LLP is a professional and significant vendor. |
| International Brotherhood of Electrical Workers ("IBEW") | contract counterparty | ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where the IBEW is a union.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where the IBEW is a significant vendor and union.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where the IBEW is a union. |
| International Business Machines ("IBM") | contract counterparty | ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where IBM was counterparty to a significant contract.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where IBM is a contract counterparty, significant vendor and debtholder.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where IBM is a significant unsecured creditors and contract counterparty. |

| Ikon | creditor | ZC is currently providing services to the liquidation trust of the TOUSA chapter 11 case where Ikon was a vendor. |
|---|---|---|
| Internal Revenue Service ("IRS") | government regulator | ZC is currently providing services to the liquidation trust of the TOUSA chapter 11 case where the IRS was a party-in-interest.<br><br>ZC is currently retained by the DIP lenders in the James River chapter 11 case where the IRS is a taxing authority.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where the IRS is a significant vendor and taxing authority.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where the IRS is a taxing authority. |
| Intralinks | contract counterparty | ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Intralinks is a significant vendor. |
| Kekst & Company, Inc. ("Kekst") | contract counterparty | ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Kekst is a significant vendor. |
| KPMG | creditor and contract counterparty | ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where KPMG was a related party.<br><br>ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where KPMG is a professional.<br><br>ZC is currently retained by the DIP lenders in the James River chapter 11 case where KPMG is a professional.<br><br>ZC is currently retained to serve as an independent member of the board of managers of NII in connection with the NII chapter 11 case where KPMG is a professional.<br><br>ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where KPMG is a professional.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where KPMG is a professional and significant vendor. |

| | | ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where KPMG is a professional. |
|---|---|---|
| Lloyd's of London, Lloyds Bank, Lloyds Bank Pension Scheme No. 1, Lloyds Pension Scheme No. 2, Lloyds Syndicate, Lloyds and Lloyds Banking Corp. ("Lloyds") | Insurer | ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where Lloyd's was an aircraft lender/lessor.<br><br>ZC is currently retained by the DIP lenders in the James River chapter 11 case where Lloyds is an insurer.<br><br>ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where Lloyds is an insurer/surety provider.<br><br>ZC is currently retained to serve as an independent member of the board of managers of NII in connection with the NII chapter 11 case where Lloyd's is an insurer.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Lloyd's is a party to litigation.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where Lloyds is a bondholder and insurer. |
| Mesirow Financial Consulting and Mesirow Financing ("Mesirow") | Holder of AFICA Bonds and/or DFC Notes | ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where Mesirow was a related party.<br><br>ZC is currently providing litigation support services to a defendant in a situation where Mesirow is a defendant.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where Mesirow is a lender and bondholder. |

| Metropolitan Life Insurance Company, MetLife ("Met Life") | creditor | ZC is currently providing services to the liquidation trust of the TOUSA chapter 11 case where Met Life was a party-in-interest. |
|---|---|---|
| | | ZC is currently retained by counsel to the agent in a situation where Met Life is lender. |
| | | ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where Met Life was a trade creditor and unsecured creditor. |
| | | ZC is currently retained by counsel to certain investors in a situation where Met Life is an investor. |
| | | ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where Met Life is a party to litigation. |
| | | ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Met Life is a secured bondholder, significant vendor and party to asbestos litigation. |
| | | ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where Met Life is a contract counterparty. |
| Moore Capital and Moore Capital Management LP ("Moore Capital") | Holder of AFICA Bonds and/or DFC Notes | ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Moore Capital is a debtholder. |
| | | ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where Moore Capital is a bondholder. |
| New York State Department of Taxation and Finance ("NYSDTF") | government regulator | ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where the NYSDTF is a taxing authority. |

| Oracle USA Inc., Oracle America, Inc. and Oracle Credit Corporation ("Oracle") | contract counterparty | ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where Oracle is a top 20 unsecured creditor.<br><br>ZC is currently retained to serve as an independent member of the board of managers of NII in connection with the NII chapter 11 case where Oracle is a party to a material contract, license agreement and/or permit but is not a large unsecured creditor.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Oracle is a significant vendor and contract counterparty. |
|---|---|---|
| Paul Hastings LLP ("Paul Hastings") | professional | ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where Paul Hastings is a professional. |
| PriceWaterhouseCoopers LLP, PWC Product Sales LLC, PriceWaterhouse Coopers Aruba et al. ("PWC") | unsecured creditor and contract counterparty | ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where the PWC was a related party.<br><br>ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where PWC is a professional, vendor and contract counterparty.<br><br>ZC is currently retained to serve as an independent member of the board of managers of NII in connection with the NII chapter 11 case where PWC is a professional.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where PWC is a professional, significant vendor and contract counterparty.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where PWC is a contract counterparty and significant unsecured creditor. |
| Reed Smith | creditor | ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where Reed Smith is a professional. |

| Ricoh | creditor and contract counterparty | ZC is currently providing services to the liquidation trust of the TOUSA chapter 11 case where Ricoh was a utility provider. |
|---|---|---|
| Ropes & Gray | counsel to the debtor | ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Ropes & Gray is a professional and vendor. |
| R.R. Donnelley | creditor | ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where R.R. Donnelly was a trade creditor.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where R.R. Donnelly is a contract counterparty and significant vendor.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where R.R. Donnelley is a significant unsecured creditor. |
| SAS Institute Inc. and SAS Global Corp. ("SAS") | contract counterparty | ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where SAS is a vendor. |
| Securities Exchange Commission ("SEC") | party to litigation | ZC is currently retained by the DIP lenders in the James River chapter 11 case where the SEC is a regulatory agency. |
| Simpson Thacher & Bartlett LLP ("Simpson Thacher") | professional | ZC is currently providing litigation support services to defendants in a situation where Simpson Thacher is counsel to defendants.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Simons on Thacher is a professional and significant vendor. |
| Standard & Poors | creditor and contract counterparty | ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where Standard & Poors is a vendor. |
| United States Treasury ("US Treasury") | creditor | ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where the US Treasury is a vendor. |

| United Parcel Service, UPS Freight Inc., UPS Supply Chain ("UPS") | creditor | ZC is currently retained by the official committee of unsecured creditors in the Deb Stores chapter 11 case where UPS is an unsecured creditor<br><br>ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where UPS is a shipper. |
| --- | --- | --- |
| U.S. Bank, US Bank Home Mortgage or US Bancorp | creditor | ZC is currently providing services to the liquidation trust of the TOUSA chapter 11 case where U.S. Bank was a party-in-interest.<br><br>ZC is currently retained by counsel to the agent in a situation where U.S. Bank is lender.<br><br>ZC is currently providing services to the liquidation trust in the Dewey & LeBoeuf case where US Bank is a top 50 creditor and secured creditor.<br><br>ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where the US Bank was an unsecured creditor, unsecured funded debt creditor, secured creditor and aircraft lender/lessor.<br><br>ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where US Bank is a top 20 unsecured creditor.<br><br>ZC is currently retained by the DIP lenders in the James River chapter 11 case where US Bank is a lender.<br><br>ZC is currently retained by counsel to certain investors in a situation where US Bank is an investor.<br><br>ZC is currently providing litigation support services in a situation where US Bank is a related party.<br><br>ZC is currently retained to serve as an independent member of the board of managers of NII in connection with the NII chapter 11 case where US Bank is a noteholder/related party.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where US Bank is a significant vendor, contract counterparty, landlord, indenture trustee, lienholder and significant vendor.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the |

| | | Caesars chapter 11 case where US Bank is a lender, bondholder and contract counterparty. |
|---|---|---|
| Vision Service Plan of Oklahoma, Vision Service Plan of CA and Vision Service Plan ("VSP") | contract counterparty and creditor | VSP is a benefit provider to ZC and its employees.<br><br>ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where VSP is a vendor and contract counterparty. |
| XL Insurance, XL Capital, XL Bermuda, XL Insurance Bermuda Ltd., XL Insurance America Inc. and XL Specialty ("XL") | Insurer | ZC is currently providing post-confirmation services to the Section 1114 Retiree Committee in the AMR chapter 11 case where XL was an insurer.<br><br>ZC is currently retained by the official committee of unsecured creditors in the Exide chapter 11 case where XL is a secured lender.<br><br>ZC is currently retained by the DIP lenders in the James River chapter 11 case where XL is an insurer.<br><br>ZC is currently retained to serve as an independent member of the board of managers of NII in connection with the NII chapter 11 case where XL is an insurer.<br><br>ZC is currently retained as an ordinary course professional of the debtors in the Energy Future Holdings chapter 11 case where XL is a debtholder.<br><br>ZC is currently in the process of being retained by the official committee of second priority noteholders in the Caesars chapter 11 case where XL is an insurer. |