UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                                           :       Chapter 11
                                                                :
Doral Financial Corporation,[1]                    :       Case No. 15-10573 (SCC)
                                                                :
            Debtor.                                         :
---------------------------------------------------------x

ORDER (I) APPROVING
BIDDING PROCEDURES FOR THE SALE OF DORAL INSURANCE
AGENCY, LLC OR ITS ASSETS, (II) APPROVING THE BREAKUP FEE AND
EXPENSE REIMBURSEMENT, (III) APPROVING THE FORM AND MANNER
AND NOTICE, AND (IV) SCHEDULING AN AUCTION AND A SALE HEARING

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order (a) authorizing and approving the bidding procedures for the sale of substantially all assets of Doral Insurance or the Membership Interests, (b) approving the Breakup Fee and Expense Reimbursement, (c) approving the form and manner of notice of the Auction and Sale Hearing, and (d) scheduling an Auction and a Sale Hearing, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that no other or further notice is needed or necessary; and the Court having reviewed the Motion and the Flaton Declaration and having heard statements in support of the Motion at a hearing held before the Court (the "Bid Procedures Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Bid Procedures Hearing establish just cause for the relief granted herein;

---

[1] The last four digits of the taxpayer identification number of the Debtor are (2162).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

-1-

49453858_1

and the relief requested in the Motion being in the best interests of the Debtor's estate, its creditors, and other parties in interest; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, THAT:**

1. The Motion is GRANTED to the extent provided herein.

2. The Stalking Horse Agreement, including the Breakup Fee and Expense Reimbursement provided therein, are approved, and the Breakup Fee and Expense Reimbursement are entitled to administrative priority pursuant to sections 503(a) and 507(a)(2) of the Bankruptcy Code.

3. The Bidding Procedures, substantially in the form attached hereto as Exhibit 1, are hereby approved. The Bidding Procedures shall govern the submission, receipt and analysis of all bids relating to the Sale of Doral Insurance's assets or the Membership Interests, and any party desiring to submit a higher or better offer for the assets of Doral Insurance or the Membership Interests shall do so strictly in accordance with the terms of the Bidding Procedures and this Order.

4. As described in the Bidding Procedures, if the Debtor does not receive any qualified bids other than from the Stalking Horse Bidder, or if no qualified bidder other than the Stalking Horse Bidder indicates its intent to participate in the Auction, the Debtor will not hold the Auction, the Stalking Horse Bidder will be named the Successful Bidder and the Debtor will seek approval of the Stalking Horse Agreement at the Sale Hearing. If one or more qualified bids is timely received from a qualified bidder (other than the Stalking Horse Bidder) in accordance with the Bidding Procedures, the Debtor shall conduct the Auction as set forth herein.

5. If the Auction is conducted, each qualified bidder participating in the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding process or the proposed Sale, the Auction will be conducted openly and shall be transcribed, audiotaped or videotaped.

6. The Auction and Sale Notice, substantially in the form attached hereto as Exhibit 2 is hereby approved.

7. Within two (2) business days of entry of this Bidding Procedures Order, the Debtor shall serve the Auction and Sale Notice by email or first class mail upon the following parties: (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Internal Revenue Service, (iii) the United States Attorney for the Southern District of New York, (iv) counsel to the Committee, (v) the U.S. Securities and Exchange Commission, (vi) any party known or reasonably believed to have asserted any lien, claim, or encumbrance or other interest in the Debtor or Doral Insurance, (vii) counsel to the indenture trustees for the Doral Notes and AFICA Bonds, and (viii) parties required by Bankruptcy Rule 2002(a).

8. The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. Notwithstanding any Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

49453858_1

10. The Court retains jurisdiction with respect to all matters arising from, or related to, the implementation and interpretation of this Order.

Dated: April 9, 2015
      New York, New York

                                      /S/ Shelley C. Chapman
                                      HONORABLE SHELLEY C. CHAPMAN
                                      UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1 to Bidding Procedures Order

# Bidding Procedures

49453858_1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                                           :       Chapter 11
                                                                :
Doral Financial Corporation,[1]                                 :       Case No. 15-10573 (SCC)
                                                                :
                          Debtor.                               :
---------------------------------------------------------x

# BIDDING PROCEDURES

The following bidding procedures shall apply in connection with counteroffers for certain assets of Doral Insurance Agency or Doral Financial Corporation (the "Purchased Assets") as described in the Asset Purchase and Sale Agreement between Doral Financial Corporation ("Seller" or the "Debtor") and Anglo-Puerto Rican Insurance Corporation ("Buyer") (such agreement, the "Stalking Horse Agreement"):[2]

1. Any counteroffer or bid for any of the Purchased Assets (a "Counteroffer") shall comply with the following requirement:

    1.1. Any Counteroffer shall provide for a purchase price with a minimum cash or cash equivalent component payable at closing equal to the sum of (i) $10,750,000, subject to the Price Adjustment, plus (ii) $450,000, on account of the Breakup Fee and Expense Reimbursement, plus (iii) $150,000.

2. Any Counteroffer shall further comply with all of the following requirements; provided, that the Debtor may, in their discretion exercised in good faith and without further order of the Court, waive any such requirements:

    2.1. Any Counteroffer shall:

        2.1.1. be in writing and be served on counsel to the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Mark I. Bane; Ropes & Gray LLP, 800 Boylston St., Boston, MA 02199, Attn: James A. Wright III, so as to be received on or before 12:00 noon (Prevailing Eastern Time) on May 6, 2015 (the "Bid Deadline"), three business days prior to the first scheduled date of the Auction; and

        2.1.2. be accompanied by (i) a deposit in the amount of ten percent of the initial bid, delivered to an escrow agent (the identity of which is to be determined by the Debtor in consultation with counsel to the Committee), by certified

---

[1] The last four digits of the taxpayer identification number of the Debtor are (2162).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the order approving these bidding procedures.

49453858_1

or cashier's check or wire transfer, so as to be received on or before May 8, 2015, the last business day prior to the first scheduled date of the Auction (as defined below); (ii) an executed asset purchase agreement (the "Counteroffer Asset Purchase Agreement") and executed copies of all other transaction documents necessary to effect the proposed transaction (including all schedules) and a copy of the Stalking Horse Agreement marked to show all changes requested by the bidder (including those related to purchase price); (iii) an executed confidentiality agreement; and (iv) written evidence of a commitment for financing or other evidence of the party's ability to consummate the transaction and payment of the purchase price at the Closing.

2.2. The entity submitting a Counteroffer shall enter into joint escrow instructions with Seller and the escrow agent regarding the deposit delivered in connection with such Counteroffer.

2.3. The terms and conditions of the Counteroffer must be, in aggregate, not materially more burdensome to Seller than provisions contained in the Stalking Horse Purchase Agreement.

2.4. Any entity submitting a Counteroffer shall demonstrate to Seller's satisfaction, in Seller's sole discretion exercised in good faith, that such entity is able to consummate the transaction on the date and on the terms contemplated by the Counteroffer Asset Purchase Agreement.

3. An auction (the "Auction") for the Purchased Assets will be conducted by the Debtors at the offices of their counsel, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY, on May 12, 2015, at 10 a.m. (Prevailing Eastern Time), or at such other date and time as determined by the Debtor in its sole discretion, exercised in good faith and after consultation with counsel to the official committee of unsecured creditors (the "Committee"). The Debtor will send notice by electronic mail to the Office of the United States Trustee, counsel to the Committee, counsel to the Stalking Horse Bidder, and counsel to any entity that has submitted a Counteroffer if the date, time, or place of the Auction changes.

3.1. The Debtor and its professionals will direct and preside over the Auction.

3.2. At the Auction, the Debtor may announce additional procedural or bidding rules for the Auction so long as the rules are not inconsistent with these Bid Procedures. The Debtor shall maintain a transcript of all bids made and announced at the Auction.

3.3. Each bidder participating at the Auction will certify on record at the commencement of the Auction that it has not and will not engage in any collusion with respect to the bidding or the sale.

3.4. The Debtor will continue the Auction until there is only one bid for the Purchased Assets that the Debtor determines in its sole discretion, exercised in good faith and

      after consultation with counsel to the Committee, is the highest or otherwise best bid for the Purchased Assets.

    3.5. The Breakup Fee and Expense Reimbursement will be credited to the Stalking Horse Bidder's bid.

    3.6. Each subsequent bid at the Auction must comply with the requirements for a Counteroffer set forth herein and be at least $100,000 greater than the preceding bid, or such amount as designated by the Debtor, after consultation with the Committee.

4. A hearing to consider approval of the sale to Buyer pursuant to the Stalking Horse Agreement or another bidder submitting a higher and better offer at the Auction and any objections to such sale will be held on May 21, 2015, at 10 a.m. (Prevailing Eastern Time) at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10002.

49453858_1

**Exhibit 2 to Bidding Procedures Order**

**Form of Auction and Sale Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------x
In re                                          :        Chapter 11
                                               :
Doral Financial Corporation,[1]                :        Case No. 15-10573 (SCC)
                                               :
                    Debtor.                    :
-------------------------------------------------------x
```

## NOTICE OF SALE BY AUCTION AND SALE HEARING

PLEASE TAKE NOTICE that, on March 31, 2015, Doral Financial Corporation (the "Debtor") in the above-captioned chapter 11 case filed a motion [Docket No. [ ]] (the "Bid Procedures Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (a) authorizing and approving the bidding procedures for the sale of (i) substantially all of the assets of Doral Insurance Agency LLC ("Doral Insurance") or (ii) the Debtor's equity interest in Doral Insurance, (b) approving the form and manner of notice of the Auction and Sale Hearing, and (c) scheduling an Auction and a Sale Hearing and setting other related dates and deadlines all as further described in the Bid Procedures Motion. On [ ], the Bankruptcy Court entered an order (the "Bidding Procedures Order")[2] approving certain bidding procedures attached thereto as Exhibit 1 (the "Bidding Procedures").

Copies of the Bid Procedures Motion, Bidding Procedures Order, and other documents related thereto are available free of charge on the website of the Debtor's noticing and claims agent, Garden City Group, at http://cases.gcginc.com/dor/.

PLEASE TAKE FURTHER NOTICE that the Debtor is soliciting offers for the purchase of Doral Insurance (as defined in the Bidding Procedures). All interested bidders should carefully read the Bidding Procedures and Bidding Procedures Order. To the extent there are any inconsistencies between this notice and the Bidding Procedures, the latter shall govern in all respects.

PLEASE TAKE FURTHER NOTICE that, if the Debtor receives competing qualified bids within the requirements and time frame specified by the Bidding Procedures, the Debtor will conduct an auction (the "Auction") of Doral Insurance on May 12, 2015 at 10 a.m. (Eastern Time) at the offices of counsel to the Debtor: Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036.

PLEASE TAKE FURTHER NOTICE that the Debtor will seek approval of the sale of Doral Insurance at a hearing scheduled to commence on May 21, 2015 at 10 a.m. (prevailing Eastern Time) (the "Sale Hearing") or as soon thereafter as counsel may be heard, before the

---

[1] The last four digits of the taxpayer identification number of the Debtor are (2162).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Order.

Honorable Shelley C. Chapman, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that objections to the proposed sale of Doral Insurance, if any, must: (i) be in writing; (ii) conform to the applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules and the Case Management Order [Docket No. [ ]] entered in this chapter 11 case; (iii) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (iv) filed with the Court and served so the objection is actually received no later than May 15, 2015 at 4:00 p.m. (Eastern Time) (the "Sale Objection Deadline") by the following parties (the "Notice Parties"): (i) counsel to the Debtor, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Mark I. Bane, (ii) counsel to the Committee, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022, Attn: Brian D. Pfeiffer; and (iii) parties required by Bankruptcy Rule 2002(a).

**CONSEQUENCES OF FAILING TO TIMELY FILE AND SERVE AN OBJECTION**

Any party or entity who fails to timely file and serve an objection to the Sale of Doral Insurance on or before the Sale Objection Deadline in accordance with the Bidding Procedures Order shall be forever barred from asserting any objection to such Sale, including with respect to the transfer of property free and clear of all liens, claims, encumbrances and other interests

49453858_1