UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
    In re                                          : Chapter 11
                                               :
DORAL FINANCIAL CORPORATION,    : Case No. 15-10573 (SCC)
                                               :
                                               :
    Debtor.                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION AND ORDER GOVERNING
INFORMAL PRODUCTION OF INFORMATION AND DOCUMENTS**

        Doral Financial Corporation, the debtor and debtor-in-possession in the above-captioned case ("DFC" or the "Debtor"), the Official Committee of Unsecured Creditors (the "Committee"), Banco Popular de Puerto Rico ("Banco Popular") and the Federal Deposit Insurance Corporation (the "FDIC") as receiver for Doral Bank (the "FDIC-Receiver" and, together with DFC, the Committee and Banco Popular, the "Parties"), through their respective undersigned counsel, hereby stipulate and agree as follows:

        WHEREAS, on March 11, 2015 (the "Petition Date"), DFC filed a voluntary petition for relief under Chapter 11 of title 11, United States Code (as amended, the "Bankruptcy Code");

        WHEREAS, prior to February 27, 2015, Doral Bank Puerto Rico ("Doral Bank"), a state non-member bank chartered by the Puerto Rico Office of the Commissioner of Financial Institutions ("OFIC") was a wholly-owned subsidiary of DFC;

        WHEREAS, on February 27, 2015, OCIF appointed the FDIC as receiver for Doral Bank, and thereafter, the FDIC-Receiver in such capacity sold to Banco Popular certain of the assets and liabilities of Doral Bank, including books and records related thereto (the "Books and Records");

WHEREAS, subsequent to the Petition Date, DFC on behalf of itself and its non-debtor subsidiaries and affiliates (together with DFC, the "Debtor Parties") has requested and is expected to continue to request from Banco Popular and the FDIC-Receiver (the "Producing Parties") miscellaneous information and documents including Books and Records, and has requested and is expected to continue to request to speak to various employees and agents of Banco Popular and its affiliates (collectively, the "Banco Popular Affiliates"), in order to facilitate administration of the DFC chapter 11 case;

WHEREAS the Producing Parties, the Committee and the Debtor Parties seek to work cooperatively on a consensual basis to make available to the Debtor Parties and the Committee (through DFC), information, documents and Banco Popular employees reasonably requested by the Debtor Parties or the Committee through DFC;

WHEREAS, the Producing Parties want to ensure that their voluntary cooperation with information requests from the Debtor Parties and the Committee does not result in liability to the FDIC, any Banco Popular Affiliate or any of them or their respective employees, including without limitation on the grounds that the information provided, including Books and Records, might not be complete and/or accurate;

WHEREAS, Banco Popular wants to ensure that the Debtor Parties' contacts and discussions with employees of any of the Banco Popular Affiliates are subject to advance notice to Banco Popular and its consent; and

WHEREAS, Banco Popular, the Debtor Parties, the Committee and the FDIC seek to record their agreement to certain terms governing informal information requests to the Producing Parties, and to obtain court approval of terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and obligations set forth herein, and other good and valuable consideration the receipt and legal adequacy of which are hereby acknowledged, the Parties agree as follows:

1. To the extent that the Producing Parties provide Books and Records and other information to the Debtor Parties or the Committee, and to the extent that Banco Popular makes employees of Banco Popular Affiliates available to the Debtor Parties or the Committee, through the informal procedures set forth herein, no Producing Party or Banco Popular Affiliate or any of their respective employees (i) shall be deemed to have represented, warranted or guaranteed the completeness, correctness and veracity of any information, including without limitation any Books and Records, provided to the Debtor Parties or Committee (collectively, without limitation, "Responsive Information") and (ii) shall incur, or be deemed to have incurred, any liability, duty or obligation whatsoever to DFC, its estate, any other Debtor Party, the Committee, or any other person or entity in respect of the completeness, correctness or veracity of Responsive Information, whether any such Responsive Information has been provided or conveyed to one or more Debtor Parties or the Committee in writing, orally, electronically, by physical delivery or otherwise; provided, that all rights of the Debtor Parties or the Committee with respect to willful misconduct and fraud in connection therewith are reserved.

2. Each of the Producing Parties may, in its sole discretion, in response to particular requests made by any Debtor Party (including Committee requests made through DFC), decline to (i) provide Responsive Information requested and/or (ii) make employees of Banco Popular or Banco Popular Affiliates available, and the Parties reserve all their rights in respect of such informal information requests and any subsequent formal or informal information requests.

3. The Producing Parties reserve their rights to seek compensation and reimbursement from the Debtor's estate and other Debtor Parties for the reasonable costs and

3

expenses, including reasonable attorney fees, incurred in connection with their search for and production of Responsive Information, and to condition their provision of Responsive Information on payment of such reasonable costs and expenses. The rights of the Debtor Parties, the Committee, and any other party in interest to oppose any such requests are similarly reserved.

4. With respect to the informal information requests described herein, the Producing Parties shall have no obligation to produce, share or convey privileged information and documents, and shall have no obligation to prepare a log of any such documents or information withheld from production.

5. The Producing Parties' production and provision of Responsive Information in response to the informal information requests described herein shall not constitute or be deemed to constitute a waiver of confidential status or any applicable privilege or protection from disclosure.

6. Prior to approaching, contacting or communicating with any employee of any Banco Popular Affiliate with respect to matters related to the Debtor, Doral Bank Puerto Rico, or their affiliates, the Debtor Parties shall first request and obtain Banco Popular's permission. Absent Banco Popular permission, or further order of this Court, the Debtor Parties and their representatives shall not approach, contact or communicate with any employee of any Banco Popular Affiliate regarding such matters.

7. Except as otherwise provided above, the Parties reserve all rights in connection with the subjects addressed herein, including the rights to seek and to oppose formal discovery and to seek a confidentiality order or other protective order.

April 28, 2015

| | |
|---|---|
| DORAL FINANCIAL CORPORATION<br>DORAL PROPERTIES, INC.<br>DORAL RECOVERY, LLC<br>DORAL INSURANCE AGENCY, LLC | SKADDEN, ARPS, SLATE, MEAGHER<br> & FLOM LLP<br><br>By:  /s/ Mark A. McDermott<br>Mark A. McDermott<br>Four Times Square |
| /S/ Enrique R. Ubarri<br>Enrique R. Ubarri<br>General Counsel | New York, NY  10036<br>Telephone:     (212) 735-3000<br>Facsimile:     (212) 735-2000<br>Email:  mark.mcdermott@skadden.com |
| | -and- |
| | Mark S. Chehi<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE  19801<br>Telephone:     (302) 651-3000<br>Facsimile:     (302) 651-3001<br>Email:  mark.chehi@skadden.com |
| | *Attorneys for Banco Popular de Puerto Rico* |

| | |
|---|---|
| SCHULTE ROTH & ZABEL LLP | HUGHES HUBBARD & REED LLP |
| By: */s/* Brian D. Pfeiffer | */s/* Gabrielle Glemann |
| Brian D. Pfeiffer | Christopher K. Kiplok |
| Taejin Kim | Jason C. Benton |
| 919 Third Avenue | Gabrielle Glemann |
| New York, NY  10022 | |
| Telephone:     (212) 756-2000 | One Battery Park Plaza |
| Facsimile:     (212) 593-5955 | New York, NY  10004-1482 |
| | Telephone:     (212) 837-6000 |
| *Proposed Counsel for the Official Committee of Unsecured Creditors of Doral Financial Corporation* | Facsimile:     (212) 422-4726 |
| | Email: chris.kiplok@hugheshubbard.com |
| | Email: jason.benton@hugheshubbard.com |
| | Email: gabrielle.glemann@hugheshubbard.com |
| | |
| | Scott H. Christensen |
| | HUGHES HUBBARD & REED LLP |
| | 1775 I Street, N.W., Suite 600 |
| | Washington, DC  20006-2401 |
| | Telephone:     (202) 721-4600 |
| | Facsimile:     (202) 721-4646 |
| | Email: scott.christensen@hugheshubbard.com |
| | |
| | *Attorneys for Federal Deposit Insurance Corporation in its capacity as Receiver for Doral Bank* |

SO ORDERED.

Dated: May 12, 2015
New York, New York

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE

6