UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                    :    Chapter 11
                                                         :
Doral Financial Corporation,[1]                          :    Case No. 15-10573 (SCC)
                                                         :
                    Debtor.                              :
-------------------------------------------------------x

## DECLARATION OF JORGE A. RIVERA
## IN SUPPORT OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER
## AUTHORIZING AND APPROVING SALE
## OF DORAL INSURANCE AGENCY, LLC ASSETS

I, Jorge A. Rivera, state and declare the following pursuant to 28 U.S.C. § 1746:

1. I am Senior Vice President and Deputy General Counsel of Popular Inc., and provide this declaration (the "Declaration") based upon my personal knowledge and information supplied to me by employees of Popular and its subsidiaries, including management of Popular Insurance LLC ("Popular Insurance"), my review of relevant documents, or my opinion based upon my personal experience and knowledge.

2. This Declaration is being submitted in connection with the proposed sale of Doral Insurance Agency, LLC ("Doral Insurance"), a wholly-owned, non-debtor subsidiary of the above-captioned debtor (the "Debtor"), or substantially all of its assets (the "Assets"), for which the Debtor seeks Court approval in its March 31, 2015 *Motion for an Order Authorizing and Approving the Sale of Doral Insurance Agency, LLC or its Assets* (the "Sale Motion") [Docket No. 68].

3. On April 9, 2015, the Court approved a Stalking Horse Agreement, bidding procedures to solicit competing bids for and an auction of the Assets (the "Bidding Procedures"),

---

[1] The last four digits of the taxpayer identification number of the Debtor are (2162).

and sale process (the "Sale Process") in the *Order (I) Approving Bidding Procedures or the Sale of Doral Insurance Agency, LLC or its Assets, (II) Approving the Breakup Fee and Expense Reimbursement, (III) Approving the Form and Manner and Notice, and (IV) Scheduling an Auction and a Sale Hearing* [Docket No. 95].

4. Pursuant to the Bidding Procedures, bids were due by May 6, 2015 at 12:00 noon (the "Bid Deadline"). In advance of the Bid Deadline, Popular Insurance submitted a bid for the Assets. After submitting its bid, Popular Insurance negotiated with the Debtor's advisors to maximize the value of its bid and clarify certain key terms and provisions. The Debtor's advisors notified Popular Insurance that its bid was a qualified bid.

5. On Tuesday, May 12, 2015, at approximately 10:30 a.m., the Debtor commenced an auction (the "Auction") for the Assets at the offices of Ropes & Gray, LLP, 1211 Avenue of the Americas, New York, NY 10036. I participated in the Auction on behalf of Popular Insurance.

6. I am a member of the team of employees and managers of Popular Inc. and its affiliates including Popular Insurance (collectively, "Popular") responsible for the actions of Popular Insurance and its agents with respect to Doral Insurance and the Auction, and I am familiar with the actions of Popular Insurance and Popular generally with respect to Doral Insurance and the Auction since the petition date in this chapter 11 case. At no time either before or during the Auction did Popular Insurance, its affiliates, or any of their agents engage in any collusive behavior with respect to Doral Insurance or the Auction. None of Popular Insurance, its affiliates, or any of its or their agents had any contact with the stalking horse bidder or any other prospective bidder for the Assets regarding the Auction or the Assets. All actions taken by Popular Insurance, its affiliates, and their agents with respect to Doral Insurance

2

and the Auction were taken in good faith, and the negotiations between Popular Insurance, the Debtor, and Doral Insurance were at all times conducted at arm's length.

7. Following the conclusion of the Auction, Popular Insurance emerged as the successful bidder for the Assets, as its bid of $17,250,000.00 was determined by the Debtor to be the highest and best offer for the Assets. All of the terms and conditions of Popular Insurance's bids were presented in accordance with the Bidding Procedures. Popular Insurance intends to close the sale promptly following entry of a Sale Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on May 18, 2015

                                                               JORGE A. RIVERA

764332-WILSR01A - MSW