UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
Doral Financial Corporation,[1]                    :    Case No. 15-10573 (SCC)
                                                   :
                        Debtor.                    :
---------------------------------------------------------x

**ORDER AUTHORIZING AND APPROVING THE SALE
OF DORAL INSURANCE AGENCY, LLC OR ITS ASSETS**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order approving the sale of either (i) the Debtor's equity interest in Doral Insurance or (ii) substantially all of the assets of Doral Insurance; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that no other or further notice is needed or necessary; and the Court having reviewed the Motion and the Flaton Declaration and having heard statements in support of the Motion at a hearing held before the Court on May 21, 2015 (the "Sale Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and the relief requested in the Motion being in the best interests of the Debtor's estate, its creditors, and other parties in interest; and no objections to the relief requested in the Motion having been filed; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1] The last four digits of the taxpayer identification number of the Debtor are (2162).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**ORDERED, THAT:**

1. The Motion is GRANTED to the extent provided herein.

2. The Debtor and Doral Insurance are authorized to enter into the Asset Purchase and Sale Agreement ("APA") attached hereto as Exhibit A, and to take all actions necessary to consummate the transactions contemplated thereby (the "Transactions").  Pursuant to sections 105(a) and 363 of the Bankruptcy Code, the sale and transfer of the Assets (as defined in the APA) to Popular Insurance, LLC ("Popular" or the "Purchaser"), as the party that submitted the highest and best bid at the Auction pursuant to the APA is a legal, valid and effective disposition of the Assets, and vests the Purchaser with all right, title and interest of the Debtor and Doral Insurance to and in the Assets free and clear of all Encumbrances.

3. The APA and the Transactions contemplated thereby may not be avoided under 11 U.S.C. § 363(n).

4. Upon the Closing, Purchaser will be deemed to have acted in good faith, as that term is used in 11 U.S.C. § 363(m), with respect to entry into the APA and consummation of the transactions thereby, and no reversal or modification of this Order on appeal will affect the validity of the APA or the Transactions.  The APA and the Transactions have been negotiated by the Debtor, Doral Insurance and the Purchaser in good faith, at arms-length and without collusion or fraud. The terms and conditions of the APA and the Transactions, including the total consideration to be realized by the Debtor and Doral Insurance pursuant to the APA, are fair and reasonable, and the Transactions are in the best interest of the Debtor, its creditors and its estate and Doral Insurance.

5. This Order and the APA shall inure to the benefit of and be binding on the Purchaser, Doral Insurance, the Debtor, its estate, its creditors, and any trustees, if any,

subsequently appointed in the Debtor's chapter 11 case or upon a conversion to Chapter 7 under the Bankruptcy Code, and their respective successors and assigns.

6. The Purchaser is a "good-faith purchaser" entitled to the full benefits and protections of section 363(m) of the Bankruptcy Code with respect to the sale and assignment of the Assets and the Transactions.

7. The APA was not controlled by or the result of an agreement between potential or actual bidders within the meaning of Bankruptcy Code section 363(n). The Debtor, Doral Insurance, and the Purchaser have not engaged in any conduct that would cause or permit the APA or the consummation of the Transactions to be avoided, or costs or damages to be imposed, under section 363 of the Bankruptcy Code or otherwise. The Purchaser is entitled to all the protections and immunities of a good faith purchaser for value, including without limitation under section 363(n) of the Bankruptcy Code.

8. The Purchaser will be acting in good faith in closing under the APA and consummating the Transactions at any time on or after entry of this Order, and cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d). The Purchaser is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

9. The Transactions are not for the purpose of hindering, delaying or defrauding creditors of Doral Insurance or of the Debtor under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia. None of the Debtor, Doral Insurance, or the Purchaser is or will be entering into the APA and Transactions fraudulently.

10. The consideration to be provided by the Purchaser under the APA constitutes reasonably equivalent value and fair consideration (as those terms are defined in the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code), and is fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia. The APA represents a fair and reasonable offer to purchase the Assets and assume or acquire liabilities under the circumstances of the Debtor's case. Approval of the APA and the consummation of the Transactions is in the best interests of Doral Insurance and its creditors, and the Debtor, as well as the Debtor's estate, its creditors, and all other parties in interest.

11. To the extent of any inconsistency between this Order and the APA, this Order shall control.

12. Notwithstanding any Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Court retains jurisdiction with respect to all matters arising from, or related to, the implementation and interpretation of this Order.

Dated: May 22, 2015
      New York, New York

                                 /S/ Shelley C. Chapman
                                 UNITED STATES BANKRUPTCY JUDGE