Hearing Date and Time: December 3, 2015 at 10:00 a.m. (Eastern Time)
Objection Deadline: December 2, 2015 at 4:00 p.m. (Eastern Time)

ROPES & GRAY LLP
Mark I. Bane
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

-and-

James A. Wright III
Meredith S. Tinkham (*pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

*Counsel to Doral Financial Corporation and
Proposed Counsel to Doral Properties, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Doral Financial Corporation,[1] | : | Case No. 15-10573 (SCC) |
| | : | |
| Debtor. | : | |

------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Doral Properties, Inc. | : | Case No. 15-_____ (SCC) |
| | : | |
| Debtor. | : | |

------------------------------------------------------x

**MOTION FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

---

[1] The last four digits of the taxpayer identification number of the Debtors are: Doral Financial Corporation (2162); Doral Properties, Inc. (2283).

53873837_6

Doral Financial Corporation ("Doral Financial") and Doral Properties, Inc. ("Doral Properties"), the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order (the "Order"), substantially in the form attached as Exhibit A, directing the joint administration of these chapter 11 cases and the consolidation thereof for procedural purposes only. In support of the Motion, the Debtors respectfully represent and set forth as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory basis for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") and Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

3. On March 11, 2015, Doral Financial filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. On the date hereof, Doral Properties filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Sections 1107(a) and 1108 of the Bankruptcy Code authorize the Debtors to continue to operate their businesses and manage their properties as debtors in possession. No request for the appointment of a trustee or examiner has been made in this chapter 11 case.

4. A summary of Doral Financial's business and capital structure, and the events leading to DFC's chapter 11 case, are set forth in the *Declaration of Carol Flaton in Support of First Day Motions* [Dkt. No. 8] filed in Doral Financial's chapter 11 case (the "First Day Declaration").

5. On March 23, 2015, the United States Trustee appointed an Official Committee of Unsecured Creditors for Doral Financial's chapter 11 case (the "UCC").

6. Doral Financial owns 100% of the equity in Doral Properties. A summary of Doral Properties' business and assets is set forth in the First Day Declaration.

**Relief Requested**

7. The Debtors request entry of an order directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only. Going forward, many of the motions, applications, hearings, and orders that will arise in these chapter 11 cases will affect the Debtors jointly. For that reason, the Debtors respectfully submit that their interests, as well as the interests of their creditors and other parties-in-interest, would be best served by the joint administration of these chapter 11 cases, for procedural purposes only.

8. The Debtors submit that the joint administration of their cases should be maintained under the case number assigned to Doral Financial and request that the Clerk of the Court maintain one file and one docket for all of the Debtors' chapter 11 cases under that case name and number. In addition, the Debtors seek the Court's direction that a docket entry be made on the docket of Doral Properties' chapter 11 case substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Doral Financial Corporation and its affiliates that have commenced chapter 11 cases. The docket in the chapter 11 case of Doral Financial Corporation, Case No. 15-10573 (SCC) should be consulted for all matters affecting this case.

9. The Debtors further request that the caption of these chapter 11 cases be modified as follows to reflect their joint administration:

-3-

53873837_6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
In re                                                  :    Chapter 11
                                                       :
Doral Financial Corporation, et al.,                   :    Case No. 15-10573 (SCC)
                                                       :
                        Debtors.                       :    (Jointly Administered)
-------------------------------------------------------x

## Basis For Relief

10. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Doral Financial is the direct parent of Doral Properties. The Debtors are "affiliates" within the meaning of section 101(2) of the Bankruptcy Code and, accordingly, under Bankruptcy Rule 1015(b), this Court has the authority to grant the requested relief.

11. Joint administration of the Debtors' respective estates will ease the administrative burden on this Court and all parties-in-interest in these chapter 11 cases. The benefits of joint administration of the chapter 11 cases come with no prejudice to creditors and other parties-in-interest of any of the Debtors, as joint administration is purely procedural and will not impact the substantive rights of any party-in-interest.

12. Joint administration of these chapter 11 cases also will permit the Clerk of this Court to use a single docket for the cases and to combine notices to creditors and other parties-in-interest in the Debtors' respective cases. As there likely will be motions, applications, and other pleadings filed in these chapter 11 cases that will affect both of the Debtors, joint administration will (a) reduce the volume of paper that otherwise would be filed with the Clerk of this Court, (b) render the completion of various administrative tasks less costly, and (c) minimize unnecessary delays. Joint administration also will permit counsel for the various

parties-in-interest to include both of the Debtors' chapter 11 cases in a single caption for the documents that are likely to be filed and served in these chapter 11 cases and enable parties-in-interest (including the United States Trustee) in each of the chapter 11 cases to stay apprised of all the various related matters before this Court.

13. The entry of joint administration orders in multiple related cases such as these is common in this district. See, e.g., In re Sabine Oil & Gas Corp., No. 15-11835 (SCC) (Bankr. S.D.N.Y. July 16, 2015); In re Chassix Holdings, Inc., No. 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2015); In re Genco Shipping & Trading Ltd., No. 14-11108 (SHL) (Bankr. S.D.N.Y. Apr. 23, 2014); In re MPM Silicones, LLC, No. 14-22503 (RDD) (Bankr. S.D.N.Y. Apr. 14, 2014); In re Sbarro LLC, No. 14-10557 (MG) (Bankr. S.D.N.Y. Mar. 12, 2014); In re Hawker Beechcraft, Inc., No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012).

14. Based on the foregoing facts and authorities, the Debtors submit that the relief requested in the Motion should be granted.

## Notice

15. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the Committee; (c) upon the Master Service List as defined in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures and Omnibus Hearing Dates* [Docket No. 74] (the "Case Management Order") previously entered in Doral Financial's chapter 11 case; and (d) upon the top 25 unsecured creditors listed in Doral Properties' chapter 11 petition.

WHEREFORE, the Debtors request that this Court enter an order, in substantially the form attached as <u>Exhibit A</u>: (i) directing the joint administration of the Debtors' chapter 11 cases and consolidating them for procedural purposes; and (ii) granting such other and further relief as is just and proper.

Dated: November 25, 2015
      New York, New York

*/s/ Mark I. Bane*
ROPES & GRAY LLP
Mark I. Bane
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email: mark.bane@ropesgray.com

-and-

James A. Wright III
Meredith S. Tinkham (*pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
Email: james.wright@ropesgray.com
meredith.parkinson@ropesgray.com

*Counsel to the Doral Financial Corporation and Proposed Counsel to Doral Properties, Inc.*

# Exhibit A

## Proposed Order

53873837_6

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Doral Financial Corporation, et al.,[1] | : | Case No. 15-10573 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------x

### ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Upon the motion (the "Motion")[2] of Doral Financial and Doral Properties (collectively, the "Debtors") for an order (the "Order") directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT HEREBY IS ORDERED THAT:

1. The Motion is GRANTED to the extent provided herein.

2. Pursuant to section 105(a) of the Bankruptcy Code and Rule 1015(b) of the Bankruptcy Rules, the Debtors' chapter 11 cases shall be jointly administered and consolidated for procedural purposes only.

---

[1] The last four digits of the taxpayer identification number of the Debtors are: Doral Financial Corporation (2162); Doral Properties, Inc. (2283).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

53873837_6

3.  The Clerk of this Court shall maintain one file and one docket for both of the Debtors' chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of Doral Financial Corporation, Case No. 15-10573 (SCC).

4.  All pleadings filed in the Debtors' chapter 11 cases shall bear a consolidated caption in the following form:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                        :        Chapter 11
                                             :
Doral Financial Corporation, et al.,         :        Case No. 15-10573 (SCC)
                                             :
                    Debtors.                 :        (Jointly Administered)
---------------------------------------------------------x

5.  The Clerk of this Court shall make a docket entry in the Doral Properties, Inc. chapter 11 case substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Doral Financial Corporation and its affiliates that have commenced chapter 11 cases. The docket in the chapter 11 case of Doral Financial Corporation, Case No. 15-10573 (SCC) should be consulted for all matters affecting this case.

6.  Notwithstanding the relief granted in the Order, any creditor filing a proof of claim against any of the Debtors shall file such proof of claim in such Debtor's chapter 11 case and not in the jointly administered case.

7.  Nothing contained in the Motion or the Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned chapter 11 cases.

8.  Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of the Order shall be immediately effective and enforceable upon its entry.

-3-

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

10. The requirements pursuant to Rule 9013-1 of the Local Bankruptcy Rules are deemed satisfied.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of the Order.

Dated: _____, 2015
       New York, New York

 

HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

-4-