**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                :

In re:                                                :        Chapter 11

DORAL FINANCIAL CORPORATION, et al.,    :        Case No. 15-10573 (SCC)

                             Debtors.    :        (Joint Administration Requested)

------------------------------------------------------------X

**DECLARATION OF CAROL FLATON IN SUPPORT OF
DEBTORS' MOTION FOR (I) AN ORDER (A) APPROVING
BIDDING PROCEDURES FOR THE SALE OF CERTAIN REAL ESTATE
ASSETS, (B) APPROVING THE PROPOSED BREAK-UP FEES AND EXPENSE
REIMBURSEMENTS, (C) APPROVING THE FORM AND MANNER OF NOTICE,
AND (D) SCHEDULING AN AUCTION AND A SALE HEARING, AND
(II) AN ORDER AUTHORIZING AND APPROVING THE SALE OF CERTAIN
<u>REAL ESTATE ASSETS FREE AND CLEAR OF LIENS</u>**

I, Carol Flaton, being duly sworn according to law, state the following under penalty of perjury:

1. I am the Chief Restructuring Officer of Doral Financial Corporation and an employee and managing director of Zolfo Cooper, LLC, the direct parent of Zolfo Cooper Management, LLC, a New Jersey limited liability company (collectively, "<u>Zolfo Cooper</u>"). The information included in this declaration (the "<u>Declaration</u>") concerning Zolfo Cooper is based upon my personal knowledge, information supplied to me by members of the Debtors' management or its professionals, my review of relevant documents, or my opinion based on upon my personal experience and knowledge of the Debtors' operations and financial condition.

2. This Declaration is being submitted in connection with the proposed sale of (i) the office building, parking deck, related land, and other related assets located at 1451 Franklin D. Roosevelt Avenue in San Juan, Puerto Rico (the "<u>Building</u>"), (ii) adjacent but independent warehouse buildings and related land (together with the Building, the "<u>Buildings</u>," which are

owned by Doral Properties, Inc. ("Doral Properties")), and (iii) an open air parking lot (the "OA Parking Lot") owned by Doral Financial Corporation ("Doral Financial"), for which the Debtors seek court approval in the Motion for (I) an Order (A) Approving Bidding Procedures for the Sale of Certain Real Estate Assets, (B) Approving the Proposed Break-Up Fees and Expense Reimbursements, (C) Approving the Form and Manner of Notice, and (D) Scheduling an Auction and a Sale Hearing, and (II) an Order Authorizing and Approving the Sale of Certain Real Estate Assets Free and Clear of Liens (the "Motion")[1].

3. After Doral Financial filed for chapter 11 on March 11, 2015, Doral Properties retained Newmark Grubb Caribbean ("Newmark") to market the Buildings for potential sale or lease. While marketing the Buildings, the Debtors also explored a potential sale of the OA Parking Lot, either separately or in connection with a sale of the Buildings. Contemporaneously with the filing of the Motion, the Debtors have also filed motions seeking to retain Newmark to market the Buildings and the OA Parking Lot.

4. Newmark conducted an extensive marketing effort for a sale of the Buildings, including coordinating with 40 parties to gauge their interest, of whom 22 ultimately signed confidentiality agreements. After receiving various letters of intent to purchase the Buildings, it was determined that a bid from Banco Popular de Puerto Rico (the "Stalking Horse Bidder") was the highest and best offer for the Buildings. The Stalking Horse Bidder also offered to buy the OA Parking Lot.

5. After completing negotiations, the Stalking Horse Bidder entered into (i) an Asset Purchase and Sale Agreement with Doral Properties for the Sale of the Buildings, subject to court approval and higher and better offers (the "Building APA") and (ii) an Asset Purchase and

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

Sale Agreement for the sale of the OA Parking Lot, subject to court approval and higher and better offers (the "Parking Lot APA" and, together with the Building APA, the "Stalking Horse Agreements"). As reflected in the summary of the proposed transactions set forth in the Motion, the Stalking Horse Bidder was prepared to extend its commitment to the transaction in the context of a bankruptcy process only in consideration for the Breakup Fees and Expense Reimbursements.

6. The Stalking Horse Agreements contemplate an expedited auction sale process and provides certain bid protections to the Stalking Horse Bidder. The Building APA provides for Doral Properties to sell the Buildings to the Stalking Horse Bidder for a purchase price of $20.3 million and for a breakup fee of $600,000 and reimbursement of reasonable expenses up to $250,000. The Parking Lot APA provides for Doral Financial to sell the OA Parking Lot to the Stalking Horse Bidder for a purchase price of $1.5 million and for a breakup fee of $50,000 and reimbursement of reasonable expenses up to $25,000. I believe that the sale prices, breakup fees, and expense reimbursements provided in the Stalking Horse Agreements are fair, reasonable, and in the best interest of the Debtors' estates.

7. By the Motion, the Debtors seek court approval of the proposed Bidding Procedures. I believe the Bidding Procedures will permit a fair and efficient competitive sale process to confirm that the bid of the Stalking Horse Bidder is the best offer, or identify an alternative bid that is higher or otherwise better. The Bidding Procedures are fair, transparent, and will derive the highest and best bid for the Buildings and the OA Parking Lot. The timeline proposed for the Auction and Sale Hearing is warranted and necessary given the need to sell the Buildings and the OA Parking Lot in a timely fashion.

8. I believe that approval of the Sale of the Buildings and the OA Parking Lot on the

3

terms set forth in the Motion is the best way to preserve the current value of the Buildings and the OA Parking Lot for the benefit of the Debtors and their estates.

9. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge, information and belief.

Dated: November 25, 2015

_____
Carol Flaton
Chief Restructuring Officer, Doral Financial
and Board Member, Doral Properties

4