Hearing Date and Time: January 14, 2015 at 10:00 a.m. (Eastern Time)
Objection Deadline: January 8, 2015 at 4:00 p.m. (Eastern Time)

ROPES & GRAY LLP
Mark I. Bane
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

-and-

James A. Wright III
Meredith S. Tinkham (*pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

*Counsel to the Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Doral Financial Corporation, et al.,[1] | : | Case No. 15-10573 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------x

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING ITS EXCLUSIVE PERIOD TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

Doral Financial Corporation, a debtor and debtor-in-possession in the above-captioned case (the "Debtor"), submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, further extending by 60 days (i) the time period during which the Debtor has the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period"),

---

[1] The last four digits of the taxpayer identification number of the Debtors are: Doral Financial Corporation (2162); Doral Properties, Inc. (2283).

54383710_2

through and including February 29, 2015, and (ii) the period during which the Debtor has the exclusive right to solicit acceptances thereof (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods") through and including May 29, 2016, or 90 days after the expiration of the Exclusive Filing Period. In support of this motion, the Debtor respectfully states as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested herein is 11 U.S.C. § 1121(d).

**Background**

2.      On March 11, 2015 (the "Petition Date"), the Debtor filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Sections 1107(a) and 1108 of the Bankruptcy Code authorize the Debtor to continue to operate its businesses and manage its properties as a debtor-in-possession. No request for the appointment of a trustee or examiner has been made in this chapter 11 case. An Official Committee of Unsecured Creditors (the "UCC") was appointed on March 23, 2015.

3.      On June 30, 2015, the Debtor filed its *Motion for Entry of an Order Extending its Exclusive Period to File a Chapter 11 Plan and Solicit Acceptances Thereof* (the "First Extension Motion") [Dkt. No. 222].

4.      On July 23, 2015, the Bankruptcy Court granted the First Extension Motion and extended until October 7, 2015 the Debtor's exclusive period to file a plan of reorganization and

2

until January 6, 2016 the Debtor's exclusive period to solicit votes regarding a plan (the "First Extension") [Dkt. No. 256].

5.  On October 6, 2015, the Debtor filed its *Motion for Entry of an Order Further Extending its Exclusive Period to File a Chapter 11 Plan and Solicit Acceptances Thereof* (the "Second Extension Motion") [Dkt. No. 324].

6.  On November 11, the Bankruptcy Court granted the Second Extension Motion and further extended until December 31, 2015 the Debtor's exclusive period to file a plan of reorganization and until March 30, 2016 the Debtor's exclusive period to solicit votes regarding the Plan (the "Second Extension") [Dkt. No. 367].

7.  A summary of the Debtor's business, the Debtor's capital structure, and the events leading to this chapter 11 case are set forth in the *Declaration of Carol Flaton in Support of First Day Motions* [Dkt. No. 8].

**Relief Requested**

8.  The Debtor hereby moves the Court for entry of an order pursuant to section 1121(d) of the Bankruptcy Code extending by 60 days (a) the Exclusive Filing Period, through and including February 29, 2015 and (b) the Exclusive Solicitation Period through and including May 29, 2016, or 90 days after the expiration of the Exclusive Filing Period. Absent the granting of the extensions requested above, the Debtor's Exclusive Periods to file a chapter 11 plan and solicit acceptances thereof will expire on December 31, 2015 and March 30, 2016, respectively.[2]

---

[2] In accordance with the case management procedures approved by this Court on April 1, 2015 pursuant to the *Order Establishing Certain Notice, Case Management, and Administrative Procedures and Omnibus Hearing Dates* [Dkt. No. 74] (the "Case Management Order"), when a motion to extend time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, the time to take such action shall be automatically extended until the Court acts on the motion, as long as the movant files the motion with a return date that is no later than 14 days after the filing of such motion. As this Motion is being filed before the expiration of the Exclusive Periods with a return date of 14 days after the filing of the Motion, no bridge order is required in this circumstance.

54383710_2

9. The Second Extension enabled the Debtor to continue to evaluate its financial options with a full understanding of the amount and nature of claims filed against it and to liquidate valuable assets for distribution to creditors. Since the Second Extension, the Debtor has (a) obtained court approval of and consummated the sale of a substantial portion of the Debtor's performing and non-performing loan and real estate-owned asset portfolio; (b) sought court approval of bidding procedures for a public auction of Doral Financial Plaza, through a chapter 11 filing of its wholly-owned subsidiary, Doral Properties, Inc. ("Doral Properties"), and continued to work with the property manager for Doral Properties to market and pursue the sale of Doral Financial Plaza; and (c) continued to consensually resolve disputes and potential disputes with parties in interest.

10. The Debtor and the UCC have also continued to make progress regarding a chapter 11 plan that will maximize the Debtor's value for creditors. Most notably, the Debtor and the UCC have continued to investigate the large potential tax asset under Puerto Rico law and explore available options to unlock its value, which will likely be a key component of its chapter 11 plan. On December 17, 2015, the UCC and the Debtor commenced an adversary proceeding for a declaratory judgment related to the tax asset [Adv. Pro. No. 15-01427]. It is anticipated that the UCC will prosecute this adversary proceeding for the estate.

11. While the Debtor has continued to make substantial progress in this case, including with respect to the liquidation of its assets, the Debtor requires additional time to finalize the liquidation of certain remaining assets, including Doral Financial Plaza, and to complete negotiations regarding a chapter 11 plan that will best maximize value for creditors. A further extension of the Exclusive Periods will enable the Debtor to complete these processes. The Debtor accordingly seeks the extension requested herein.

12. The Debtor continues to work closely with the UCC in exploring opportunities to maximize recoveries for the parties-in-interest. It is contemplated that such coordination and cooperation shall continue. The Debtor and the UCC anticipate filing a plan and disclosure statement with the Court by the end of January 2016, but seek a longer extension out of an abundance of caution.

### Basis for Relief

13. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days following the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan. Section 1121(c)(3) of the Bankruptcy Code provides that, if a debtor files a chapter 11 plan within the initial exclusive period, then it has an initial period of 180 days after the commencement of its chapter 11 case to solicit acceptances thereof. These exclusive periods are intended to afford the debtor an opportunity to propose a chapter 11 plan and to solicit acceptances of a plan without the deterioration and disruption that might be caused by the filing of competing plans by non-debtor parties.

14. Section 1121(d) of the Bankruptcy Code provides a debtor with a mechanism to extend these exclusive periods, stating that "[o]n request of a party in interest made . . . and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1). The 120-day period, however, "may not extend beyond a date that is 18 months after the [petition] date." 11 U.S.C. § 1121(d)(2)(a). Determining whether to extend "is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity." In re Borders Grp., Inc., 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011).

5

15. While the Bankruptcy Code fails to define "cause," cause should be interpreted flexibly because "the purpose of the Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its creditors." In re Ames Dep't Stores Inc., No. 90 B 11233 (JAG), 1991 WL 259036, at *3 (S.D.N.Y. Nov. 25, 1991). Courts have also looked to the legislative history of section 1121(d) for guidance as to what constitutes cause. The legislative history indicates Congress' intent to make "cause" a flexible standard to balance the competing interests of a debtor and its creditors. See H.R. Rep. No. 95-595, at 231-32 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191.

16. Courts in this District rely on various factors to determine whether "cause" exists to extend a debtor's exclusive period. These factors include: (a) the size and complexity of the case; (b) whether the debtor is paying its bills as they become due; (c) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (d) the existence of good faith progress toward reorganization; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiations with its creditors; (g) the amount of time which has elapsed in the case; (h) whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands; and (i) whether an unresolved contingency exists. In re Adelphia Commc'ns Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006).

17. Not all of these factors are relevant in every case, and a finding that any one of these factors exists may justify extending a debtor's exclusive periods. See In re Express One Int'l, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (four factors relevant in determining whether cause exists to extend exclusivity); In re Interco, Inc., 137 B.R. 999, 1000-01 (Bankr. E.D. Mo. 1992) (four factors showed that bondholders' committee failed to show cause to terminate

debtors' exclusivity); In re United Press Int'l, Inc., 60 B.R. 265, 269 (Bankr. D.C. 1986) (holding that the debtor showed "cause" to extend its exclusivity period based upon a showing of certain of the factors listed above).

18. In this chapter 11 case, based on a review of relevant factors, the Debtor submits that there is more than sufficient cause to approve the further extension of the Exclusive Periods requested by the Debtor:

> i. Continued Payment of Operating Expenses. The Debtor continues to pay in a timely manner its undisputed postpetition obligations as they come due. The requested further extension will afford the Debtor a meaningful opportunity to continue to negotiate, formulate and confirm a chapter 11 plan without prejudice to parties in interest in this chapter 11 case.
>
> ii. Additional Time is Necessary to Formulate a Plan. The Debtor intends to file a disclosure statement and chapter 11 plan by January 31, 2016. The purpose of the Debtor's present request for an extension is, among other things, to avoid the filing of competing plans and ensure that the Debtor has an opportunity to structure the best plan possible and address the concerns of all stakeholders.
>
> iii. Good Faith Progress in Chapter 11. The Debtor has made significant progress in its chapter 11 case. Since the commencement of the chapter 11 case, the Debtor has, among other accomplishments, (a) achieved the accomplishments described in the First Extension Motion and Second Extension Motion, (b) obtained court approval of the sale of a substantial portion of the Debtor's performing and non-performing loan and real-estate owned portfolio, (c) sought court approval of bidding procedures for a public auction of Doral Financial Plaza, and (d) continued to consensually resolve disputes and potential disputes with parties in interest.
>
> iv. The Debtor Has Reasonable Prospects for Filing a Plan. Once remaining assets have been liquidated, the Debtor expects to proceed promptly with a chapter 11 plan process.
>
> v. Progress in Creditor Negotiations. The Debtor has continued to work in collaboration with the UCC, as well as other creditor constituencies, to resolve issues on a consensual basis. The Debtor and the UCC have made significant progress analyzing certain issues relevant to the best approach to maximize value for all creditors. The Debtor expects to complete this process and negotiate a chapter 11 plan with the UCC and other key constituencies over the next few months.

54383710_2

  vi. **The Debtor's Chapter 11 Case is Approximately Nine Months Old**. The Debtor commenced this case on March 11, 2014, just over nine months ago. The Debtor is well within the 18 month maximum exclusive period.

  vii. **The Debtor is Not Seeking an Extension to Pressure Creditors**. The Debtor is working with the UCC in preparing a plan, and the extension is required to help facilitate those preparations. The Debtor is not seeking an extension out of a desire to unduly pressure any creditors.

19.  As this list demonstrates, the relevant factors support the Debtor's requested extension of the Exclusive Periods. Extension of the Exclusive Filing Period by 60 days will ensure that the Debtor is able to capitalize on the progress it has made to date towards its goal of successfully reorganizing. Further, the requested extension is well within the range of similar relief granted by Courts in this District. See, e.g., In re Rapid-American Corp., No. 13-10687 (SMB) (Bankr. S.D.N.Y. July 1, 2013) (granting initial extension of approximately 120 days); In re LightSquared Inc., No. 12-12080 (SCC) (Bankr. S.D.N.Y. Oct. 1, 2012) (granting initial extension of approximately 140 days); In re Eastman Kodak Co., No. 12-10202 (ALG) (Bankr. S.D.N.Y. May 2, 2012) (granting initial extension of approximately 150 days); In re Great Atl. & Pac. Tea Co., Inc., No. 10-24549 (RDD) (Bankr. S.D.N.Y. Mar. 10, 2011) (granting initial extension of approximately 140 days); In re Gen. Growth Props., Inc., No. 09-11977 (ALG) (Bankr. S.D.N.Y. July 28, 2009) (granting initial extension of approximately 200 days).

## Notice

20.  Notice of this Motion has been provided to the Master Service List provided for in the Case Management Procedures approved by the Case Management Order. In light of the nature of the relief requested, the Debtor submits that no other or further notice is necessary.

54383710_2

**Conclusion**

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, (a) granting the relief requested in the Motion and (b) granting such other and further relief for the Debtor as may be just or proper.

Dated: December 31, 2015
New York, New York

*/s/ Mark I. Bane*
ROPES & GRAY LLP
Mark I. Bane
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email: mark.bane@ropesgray.com

-and-

James A. Wright III
Meredith S. Tinkham (*pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
Email: james.wright@ropesgray.com
meredith.parkinson@ropesgray.com

*Counsel to the Debtors*

54383710_2

# Exhibit A

## Proposed Order

54383710_2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                              :        Chapter 11
                                                   :
Doral Financial Corporation, et al.,[1]            :        Case No. 15-10573 (SCC)
                                                   :
               Debtors.           :        (Jointly Administered)
---------------------------------------------------------x

**ORDER APPROVING THE MOTION OF THE DEBTOR FOR AN ORDER
FURTHER EXTENDING ITS EXCLUSIVE PERIOD TO FILE
A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

Upon the motion (the "Motion")[2] of the above-captioned debtor (the "Debtor"), for entry of an order further extending (i) its Exclusive Filing Period by 60 days, through and including February 29, 2016, and (ii) its Exclusive Solicitation Period through and including May 29, 2016, or 90 days after the expiration of the Exclusive Filing Period; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested herein being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion appearing to be adequate and appropriate under the circumstances; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, THAT:**

    1.    The Motion is GRANTED to the extent set forth herein.

---

[1] The last four digits of the taxpayer identification number of the Debtor are (2162).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

54383710_2

2. The Exclusive Filing Period is extended through and including February 29, 2016, pursuant to section 1121(d) of the Bankruptcy Code.

3. The Exclusive Solicitation Period is extended through and including May 29, 2016, pursuant to section 1121(d) of the Bankruptcy Code.

4. The relief granted in this Order is without prejudice to the Debtor's right to seek further extensions of the Exclusive Filing Period and Exclusive Solicitation Period.

5. This Order shall be immediately effective and enforceable upon its entry.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

7. This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this order.

Dated: _____, 2015
New York, New York

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

54383710_2